UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN MAMONE,
    a/k/a "Big John"
FRED MORGENSTERN
DAVID MORGENSTERN, et al.,

        Defendants.
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO JOINT MOTION OF THE SECURITIES AND EXCHANGE COMMISSION (SEC), DAVID MORGENSTERN AND FRED MORGENSTERN SEEKING PAYMENT OF FUNDS FOR INVESTORS, CIVIL PENALTIES AND SPECIAL MASTER ADMINISTRATIVE COSTS**

The United States files this response in opposition to the joint motion seeking payment and release of funds. In support the United States submits that:

1.     The relief sought by the joint motion[1] is premature and not ripe for adjudication. Additionally, the motion, if granted, would provide an improper windfall to David and Fred Morgenstern by allowing the use of tainted funds[2] ($20,000.00 each as a civil penalty) to payoff their

---

[1] An exact motion was filed by the SEC in the South Carolina case. The judge in that case, Honorable G. Ross Anderson, issued an order which appears to question the merits of the relief sought. Additionally, the Court, sua sponte, set an evidentiary hearing for the matter on June 18, 2001, and requested the submission of numerous information and documentation. See order attached as Exhibit One.

[2] The United States has reason to believe the funds from which the SEC expects to collect from are derived from the Chemical Trust fraud related to the criminal case in South Carolina, United States v. Alliance Trust, et al., Case No. 6:00-256-13. A copy of the caption is attached as Exhibit Two.

personal liabilities. This would promote an unjust enrichment to the Morgensterns and should not be sanctioned by this Court.

2.  A third party such as the Morgensterns or the SEC has no right to petition the Court for the distribution of forfeitable assets before trial. See Title 21 U.S.C. §853(k) and/or 18 U.S.C. §1963(i). 21 U.S.C. §853(k)[3] establishes an "orderly procedure" for sorting out third party claims after the conviction[4].

3.  Were this Court to grant the joint motion, it would be giving the SEC, the Morgensterns, and the Special Master a preferential treatment over other third parties and/or victims who may also have a claim to the funds. Who has priority[5] to the funds is a matter to be addressed

---

[3] Title 21, United States Code, Section 853(k) provides as follows:

(k) Bar on Intervention
    Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may-
        (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or
        (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

[4] There is abundant case law holding that third parties have no right to intervene in a criminal case until after conviction. See United States v. Messino, 122 F.3d 427 (7th Cir. 1997) (under section 853(k) and (n), third parties must wait until the court has entered a preliminary order of forfeiture to challenge the forfeiture action); United State v. Phillips, 185 F.3d 183, 188 (4th Cir. 1999) (third party cannot file any action in another court to circumvent the forfeiture procedure); United State v. Patel, 1996 WL 166949 (N.D.Ill. 1996) (third party cannot seek return of property seized for criminal forfeiture) and United States v. Brandino, Case No. 95-626-CR-Ryskamp, (S.D.Fla. June 27, 1997)(unpublished)(request by third parties to divide proceeds of restrained business pretrial rejected; business proceeds remain in escrow until the ancillary proceeding). The June 27, 1997 order is attached as Exhibit Three.

[5] It may very well be that the United States, pursuant to the relation-back doctrine codified at 21 U.S.C. §881(h), has priority to the funds over the SEC and the Morgensterns.

2

in the ancillary proceedings set forth under 21 U.S.C. §853(n).

4.  At this point, the SEC and/or the defendants' victims have no more right to ask the Court to allow the defendant to use his forfeitable property to satisfy a debt/judgment than the defendant himself would have to make that request. Indeed, under the law, they have less of a right to do so, as §853(K) makes clear. See United States v. Gilbert, 248 F.3d 888, n.48 (11th Cir. March 16, 2001) (ancillary proceeding is "exclusive means" for third parties to assert claims to forfeited property; once indictment is filed, third party cannot commence civil suit against U.S. but must "avail himself of the ancillary proceeding;" citing legislative history); United States v. Kramer, 912 F.2d 1257, 1261 (11th Cir. 1990) (third parties must wait for final order of forfeiture before they can "hale the Government into court to adjudicate their interests in the forfeited property").

5.  Lastly, the protective order issued by this Court on October 27, 2000, although unsealed, still remains in effect[6] as to the Morgensterns. It should not be modified and its terms should continue in effect under the circumstances in this matter.

---

[6] The protective order was vacated only as to Steve Raffa (D.E. #256), Gateway Transportation Services and its employees, John Mamone, and David Bell (D.E. #289).

## CONCLUSION

The relief sought in the joint motion is premature. The SEC and the Morgensterns have no right to petition the Court for distribution of forfeitable assets before trial. The joint motion is improper, untimely and must be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
WILLIAM H. BECKERLEG, JR.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Fla. Bar No. A5500074
Tel: (954) 356-7314, ext. 3614
FAX: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed this 4th day of May, 2001, to:

Laurie Bolch, Esq.
Attorney for Defendants
2260 N. Dixie Highway
Boca Raton, FL 33431

Steven M. Katzman, Esq.
Attorney for Bernadette Stevens
Comeau Building, Suite 1000
319 Clematis Street
West Palm Beach, FL 33401

Jeffrey A. Winikoff, Esq.
David Chiras, Esq.
Attorney for Special Master Jack Stein
4875 N. Federal Highway, 7th Floor
Fort Lauderdale, FL 33308

The Honorable Barry L. Garber
United States Magistrate Judge
300 N.E. 1st Avenue, Room 112
Miami, FL 33132

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | C/A No. 6:00-236-3 |
| Alliance Trust, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | F I L E D |
| and ) | |
| ) | APR 11 ... |
| Prestige Accounting Services, Inc., ) | |
| et al., ) | LARRY W. PROPES, CLERK |
| ) | U. S. DISTRICT COURT |
| Relief Defendants. ) | |

To:   David Morgenstern
      Fred Morgenstern
      C.E.O. or Records Custodian of Amquest International, Ltd.
      C.E.O. or Records Custodian of SleepSource
      Edward G. Sullivan, Esquire
      Laurie Bolch, Esquire
      Beattie B. Ashmore, Esquire
      Marvin Caughman, AUSA
      Bernadette Stevens

A motion was filed in the above case on April 5, 2001, by Edward G. Sullivan Senior Trial Counsel, United States Securities and Exchange Commission, and Laurie Bolch, Attorney for David Morgenstern and Fred Morgenstern, requesting this cour release the sum of $3.75 million to the Special Master for purposes of pro-rat distribution to the investors; $160,000 for administrative costs of the Special Master



-1-



GOVERNMENT
EXHIBIT
1

AO 72A
(Rev.8/82)

and an additional amount of $20,000 to Fred Morgenstern to pay his civil penalties to the United States Treasury.

It appears that no valid or justifiable showing has been made for the court to release these funds as requested. A full evidentiary hearing is necessary before ruling on said motion.

Now, Therefore, *sua sponte*, the court has scheduled this motion for a hearing on Monday, June 18, 2001, at 9:30 a.m. at the Federal Court House, 315 South McDuffie Street, Anderson, South Carolina, for the purpose of determining the origin, source, and ownership of the funds requested.

The following information and documentation will be submitted to this court on or before May 25, 2001:

1. Any judicial determination involving said funds.

2. Any and all investigative files, settlement agreements, work papers, or reports relating to the funds in question.

3. A detailed accounting of the source, origin, and disposition of these funds pertaining to David Morgenstern, Fred Morgenstern, the C.E.O. or Records Custodian of Amquest International, Ltd., and the C.E.O. or Records Custodian of SleepSource Bernadette Stevens, and Laurie Bolch.

4. A detailed accounting of the source and disposition of any Womack funds a/k/a Chemical Alliance Trust Funds, received by David Morgenstern, Fred Morgenstern or Bernadette Stevens, or their related corporate entities.



-2-

AO 72A

5. Personal financial statements of both David Morgenstern and Fred Morgenstern, and Bernadette Stevens, including personal and corporate income tax returns for taxable years 1998, 1999 and 2000.

6. Said documentation and information will be submitted to the court no later than May 25, 2001, under penalties of perjury.

All parties herein named are hereby commanded and ordered to be present at the hearing on June 18, 2001, at 9:30 a.m., at the Federal Court House, 315 S. McDuffie Street, Anderson, South Carolina. Herein fail not under penalty of contempt of court.

IT IS SO ORDERED

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 11, 2001

-3-



COPY

ORIGINAL FILED

APR 0 5 2001

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

RECEIVED
APR - 9 2001
U.S SECURITIES &
EXCHANGE COMMISSION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | C.A. No. 6:00-236-13 |
| ) | |
| vs. ) | |
| ) | |
| Alliance Trust, a.k.a. Alliance T, Inc., ) | |
| a.k.a. AT, Inc., Chemical Trust, Cardinal ) | |
| Trust, a.k.a. Cardinal T, Inc., Carver, ) | |
| Trust, a.k.a. Carver T, Inc., Continental ) | |
| Trust, Hampton Trust, Heart-Land Trust, ) | |
| Hersheys Trust, Three Rivers Trust, ) | |
| a.k.a. TRT, Inc., Merrit Pierce Trust, ) | |
| a.k.a MPT, Inc., United Marketing Trust, ) | |
| a.k.a. UMT, Inc., U.S. Guarantee Corp., ) | |
| Gold Coast Check Cashing, Inc., Virgil W. ) | |
| Womack, George H. Williamson, Sr., ) | |
| Charlotte Womack, Clifton Wilkinson, ) | |
| → Fred Morgenstern, Lewey L. Cato, III, ) | |
| Alvin A. Tang, and Joseph R. Silvestri, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Prestige Accounting Services, Inc., ) | |
| ACC Capital Consultants, Inc., The Falcon ) | |
| Trust Company, Ltd., America's Fidelity ) | |
| Assurance Company, Ltd., ) | |
| New Millennium Management, ) | |
| Manufacturers Fidelity and Guaranty ) | |
| Company, Ltd., America's Resource ) | |
| Corp., MICA Securities, Inc., MICA ) | |
| Enterprises, Inc., U.C.B.M. (Bahamas), ) | |
| Ltd., Triple W Builders, Inc., Merrit ) | |
| Advisors Group, Inc., Adbank Companies, ) | |
| Inc., First Capital Acceptance Corp., ) | |
| Intercontinental Capital Management, Ltd., ) | |
| JRAM, Allan J. Clarke, Americas Fidelity ) | |
| Capital Management, Ltd., Americas ) | |
| International Bank Corp., Ltd., Standard ) | |
| Atlantic, Inc., FTS Entities, Ltd., Risk ) | |
| Management Group, Ltd., Bruce Forrester, ) | |
| Nelson Jarnigan, James Morgenstern, ) | |
| and David Morgenstern, ) | |
| Relief Defendants. ) | |

GOVERNMENT
EXHIBIT
2

2\

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-626-CR-RYSKAMP

UNITED STATES OF AMERICA,

vs.

STEFANO BRANDINO and
LINDA BRANDINO,

Defendants.
_____/



FILED by _____ D.C.

JUN 2 7 1997

CARLOS JUENKE
CLERK, U.S. DIST. CT.
S.D. FLA. - W.P.B.

### ORDER DENYING PETITION
### FOR EQUITABLE DISBURSEMENT

THIS CAUSE came before the Court upon the petition for equitable disbursement of forfeited funds filed by petitioners Donald L. Berg, Edward N. Fogler and 24 Crandon Corp. on May 8, 1997. The United States has responded in opposition.

This motion arises out of the criminal proceedings instituted against defendant Stefano Brandino in the above-captioned case. On August 14, 1995, the United States obtained a protective order pursuant to 21 U.S.C. § 853 (e), which permits the entry of protective orders "to preserve the availability of property" on which "there is a substantial probability that the United States will prevail on the issue of [criminal] forfeiture." Under the protective order, the Court permitted the United States to take control of 24 Crandon Corp. and manage its various businesses. Subsequently, petitioners claimed interests in the subject corporation and its assets, and finally, on October 2, 1995, negotiated a deal with the United States under which they would manage the corporation's assets, subject to the monitoring of the United States and the Court-appointed Conservator. On March 3, 1997, the Court entered a stipulated order permitting the sale of the business proceeds. Petitioners have now moved for equitable disbursement of the sale proceeds, arguing that they are entitled to

Page 2                                              UNITED STATES DISTRICT COURT
                                                      SOUTHERN DISTRICT OF FLORIDA

immediate payment of $110,000 for Brandino's outstanding obligations to the 24 Crandon Corporation, $50,795.75 trade payables owned by the corporation, and $44,000 in legal fees and other damages resulting from the Government's alleged misuse of its seizure authority.

Without reaching the merits of the parties' various contentions regarding the transactions of the past two years, the Court would offer the following observations on the current procedural posture of this case. To the extent to which petitioners assert an interest in the forfeiture assets, their claim is premature under 21 U.S.C. § 853 (n), which only permits third party claims "[f]ollowing the entry of an order of forfeiture." Because the putative forfeiture assets remain under a protective order pursuant to § 853 (e), there is not yet any forfeiture to contest. Thus, the sale proceeds should remain in escrow, under protective order, pending the entry of an order of forfeiture. At that juncture, petitioners will be entitled to present their claims in the forfeiture proceedings.

Additionally, to the extent to which petitioners seek damages against the United States, this Court lacks jurisdiction to entertain their suit. Under the Tucker Act, 28 U.S.C. § 1346, the district courts lack subject matter jurisdiction of claims against the United States greater than $10,000. Such claims must be brought before the United States Court of Federal Claims in Washington. While the Tucker Act applies only to suits for money damages, and not to demands for equitable relief, *Hunsucker v. Phinney*, 497 F.2d 29, 36 (5th Cir. 1974), *cert. denied*, 420 U.S. 927 (1975), it is equally true that "even if a complaint does not explicitly seek monetary relief, if the plaintiff's 'prime objective' or 'essential purpose' is to recover money (in excess of $10,000) from the federal government, then the Court of Federal Claims' exclusive jurisdiction is triggered." *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997) (citations omitted). Thus, the mere labeling of the relief sought does not control the jurisdictional inquiry.

Page 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Upon review of petitioners' motion, the Court cannot avoid the conclusion that they seek damages against the United States in excess of $10,000. Although petitioners style their demand as one for equitable disbursement, in order to grant their motion as to the $44,000 the Court would essentially have to find the United States guilty of wrongdoing, and assess a certain "price" for that wrongdoing. Why that "price" should come out of the sale proceeds and not out of the Treasury's general fund is not obvious, except that the sale proceeds form a pool of cash ready for the drawing of "equitable disbursements." One way or another, however, if the Court orders disbursement of damage-type proceeds from the cash pool, it only means that there will be a smaller pool of funds to flow into the Treasury's general fund once the forfeiture proceedings close (assuming, of course, a finding of forfeiture). That petitioners really seek damages is beyond peradventure.

The Court finds that petitioners' motion is in part untimely and in part barred by the Tucker Act. Wherefore, it is

ORDERED AND ADJUDGED that the petition for equitable relief filed by petitioners Donald L. Berg, Edward N. Fogler and 24 Crandon Corp be, and the same is hereby DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 27 day of June, 1997.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

copies provided:
James H. Swain, AUSA
Anthony J. O'Donnell, Esq.
Jay Solowsky, Esq.
Neal Sonnett, Esq.
Albert J. Krieger, Esq.