IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: 00-6309-CR-Seitz/Garber

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID MORGENSTERN,

    Defendant.
_____/

### DEFENDANT DAVID MORGENSTERN'S 2nd MOTION FOR MODIFICATION OF A CONDITION OF BOND

COMES NOW the Defendant, David Morgenstern, by and through undersigned counsel, who most respectfully would move this Honorable Court for an Order granting his Unopposed Request for Modification of A Condition of his Release. In support of this motion the Defendant would state as follows:

1. That the Defendant, David Morgenstern was released on a $ 100,000.00 corporate surety bond by the Honorable Magistrate Judge Barry Seltzer on October 30th. That Mr. Morgenstern successfully satisfied the Nebbia condition and posted said bond on the same day.

2. That the Honorable Magistrate Judge Barry Setlzer imposed, inter alia, the following condition: that Defendant David Morgenstern was not have. . .

> any contact with . . . witnesses to this offense, and that includes your co-defendants, except through and with your attorney as attorney – or attorneys as they deem necessary in the preparation of your defense.           (See page 10 of transcript)

For the court's review a copy of the transcript of the initial appearance in this matter, which addressed the stipulated bond reached by the parties, is attached hereto and marked as **Exhibit A**.

4. That Defendant David Morgenstern and Fred Morgenstern are twin brothers and are co-defendants in this case. Recently, there was a death in the family; Defendant Fred Morgenstern's mother-in-law passed away. The Morgenstern's wish to be able to see each other, as a family. However, this is not possible in light of the condition of bond imposed, as mentioned above.

5. That undersigned counsel has spoken to Brian McCormick, the Assistant United States Attorney in this case who has indicated that he does object to this condition being lifted. Undersigned counsel has also spoken to Gavin B. Churchill, the United States Pre-Trial Services Officer that is charged with the pre-trial supervision of this Defendant, as well as that of Fred Morgenstern and he has indicated that he does not oppose the removal of this particular condition of release so long as Fred Morgenstern does not object. Undersigned counsel also contact John Howes, counsel to Fred Morgenstern who indicated that he joins in this request.

2

WHEREFORE, the Defendant, David Morgenstern, most respectfully moves this Honorable Court to enter an Order granting this request for modification of *the* condition of release which prohibits that he have contact with his co-defendant's, and that the condition be modified to allow that the Fred and David Morgenstern be allowed to visit with each other, outside the presence of counsel. As it relates to all other aspects of this condition, they are to remain the same.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by US MAIL on this _24th_ day of May, 2001, to J. Brian McCormick, Assistant US Attorney, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, FL 33306-1704, Gavin B. Churchill, United States Probation Officer, 299 East Broward Boulevard, Suite 301, Fort Lauderdale, FL 33301, John Howes, counsel to Fred Morgenstern, 633 S.E Third Avenue Ste 4-F, Fort Lauderdale FL 33302

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
Telephone: (305) 374-4919 Dade
           (954) 537-5565 Broward
Fax      : (305) 374-3414 Dade Fax
           (954) 568-1870 Broward Fax

BY: _____
    Florida Bar #711170

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**THE UNITED STATES OF AMERICA,**       )
                                        )       CASE NUMBER
            PLAINTIFF,                  )       00-6309-CR-SEITZ
                                        )
    VS.                                 )
                                        )
**DAVID MORGENSTERN,**                  )       THIS VOLUME:
                                        )       PAGES 1 - 15
            DEFENDANT.                  )
_____)

**(TRANSCRIPT BY TAPE)**

TRANSCRIPT OF INITIAL APPEARANCE HAD BEFORE THE HONORABLE BARRY S. SELTZER, IN FORT LAUDERDALE, BROWARD COUNTY, FLORIDA, ON OCTOBER 30, 2000, IN THE ABOVE-STYLED MATTER.

APPEARANCES:

FOR THE GOVERNMENT:    BRIAN MCCORMICK A.U.S.A., AND
                       DIANA FERNANDEZ A.U.S.A.

FOR THE DEFENDANT:     BRUCE L. UDOLF, ESQ.


CARL SCHANZLEH
OFFICIAL COURT REPORTER
U. S. COURTHOUSE
299 E. BROWARD BLVD., 202B
FORT LAUDERDALE, FLORIDA 33301
954 769-5488

EXHIBIT A

```
 1   (FORT LAUDERDALE, BROWARD COUNTY, FLORIDA; OCTOBER 30,
 2   2000, IN OPEN COURT.)
 3          THE COURT:  ALL RIGHT.  LET ME CALL THE UNITED
 4   STATES VERSUS DAVID MORGENSTERN.
 5          DAVID MORGENSTERN.
 6          LET ME ASK COUNSEL TO STATE THEIR APPEARANCES.
 7          MR. MCCORMICK:  YOUR HONOR, BRIAN MCCORMICK AND
 8   DIANA FERNANDEZ FOR THE UNITED STATES.
 9          MR. UDOLF:  GOOD MORNING, YOUR HONOR, BRUCE UDOLF
10   ON BEHALF OF MR. MORGENSTERN WHO IS PRESENT IN COURT.
11          THE COURT:  WELCOME, MR. UDOLF.
12          WILL YOU BE ENTERING A PERMANENT APPEARANCE?
13          MR. UDOLF:  NO, JUDGE, I FILED A TEMPORARY
14   APPEARANCE THIS MORNING.
15          THE COURT:  AND WHEN DO YOU BELIEVE YOU WILL KNOW
16   WHETHER OR NOT YOU WILL BE ENTERING A PERMANENT APPEARANCE?
17          MR. UDOLF:  WE WOULD ASK FOR NEXT MONDAY, JUDGE.
18          THE COURT:  MONDAY IS NOVEMBER 6TH I BELIEVE.
19          ALL RIGHT.  WHAT I WILL DO IS SET AN INQUIRY
20   REGARDING COUNSEL AND POSSIBLE ARRAIGNMENT FOR NOVEMBER 6TH.
21   IS THAT -- NOVEMBER 6TH IN MIAMI AT TEN A.M.
22          ALL RIGHT, MR. MORGENSTERN, IF YOU CAN APPROACH
23   THE MICROPHONE, PLEASE.
24          MR. MORGENSTERN, YOU ARE HERE FOR YOUR FIRST OR
25   YOUR INITIAL APPEARANCE HAVING BEEN ARRESTED ON A WARRANT
```

```
 1   ISSUED, OR SURRENDERING TODAY ON A WARRANT ISSUED PURSUANT
 2   TO AN INDICTMENT THAT I WILL GET TO IN JUST ONE MOMENT.
 3           LET ME FIRST TAKE THIS MOMENT TO INFORM YOU --
 4   TAKE THIS OPPORTUNITY TO INFORM YOU THAT YOU HAVE THE RIGHT
 5   TO REMAIN SILENT.  ANYTHING THAT YOU SAY MAY BE USED AGAINST
 6   YOU.
 7           THE INDICTMENT IN WHICH YOU ARE CHARGED IS A
 8   RATHER LENGTHY ONE, IT IS 38 PAGES, SOME 70-SOME ODD COUNTS
 9   AND 19 DEFENDANTS.  SO I THINK FOR EASE OF GOING THROUGH
10   THIS WHAT I WILL DO IS ASK MR. MCCORMICK, THE ASSISTANT
11   UNITED STATES ATTORNEY, TO SUMMARIZE THE COUNTS IN WHICH YOU
12   HAVE BEEN CHARGED IF YOU COULD PLEASE LISTEN CAREFULLY.
13           MR. MCCORMICK:  YOUR HONOR, MR. MORGENSTERN IS
14   CHARGED IN COUNT ONE, WHICH IS THE RICO CONSPIRACY COUNT.
15   HE IS CHARGED IN COUNT 17, WHICH IS A MONEY LAUNDERING
16   COUNT.  HE IS CHARGED IN COUNTS 18 THROUGH 45 WITH
17   SUBSTANTIVE MONEY LAUNDERING VIOLATIONS UNDER SECTION 1956.
18   AND LASTLY, HE IS CHARGED IN COUNTS 46 THROUGH 70 WITH
19   SUBSTANTIVE COUNTS INVOLVING ENGAGING IN MONETARY
20   TRANSACTIONS IN VIOLATION OF SECTION 1957.
21           THE COURT:  MR. MORGENSTERN, DO YOU UNDERSTAND THE
22   ALLEGATIONS AGAINST YOU?
23           THE DEFENDANT:  YES, SIR.
24           THE COURT:  MR. MORGENSTERN, YOU ARE ENTITLED TO
25   HAVE A HEARING TODAY TO DETERMINE THE TERMS -- ACTUALLY
```

```
 1   FIRST LET ME INFORM YOU THAT YOU HAVE THE RIGHT TO BE
 2   REPRESENTED BY COUNSEL THROUGHOUT THE PROCEEDINGS, AND IF
 3   YOU CANNOT AFFORD ONE YOU MAY BE ENTITLED TO HAVE ONE
 4   APPOINTED FOR YOU BY THE COURT.
 5            MR. UDOLF AT THIS POINT IS NOT IN A POSITION TO
 6   ENTER A PERMANENT APPEARANCE AND WILL TAKE THAT UP IN MIAMI
 7   ON MONDAY.  BUT BE AWARE THAT IT IS THE COURT'S POLICY NOT
 8   TO PERMIT A DEFENDANT TO GO FORWARD WITH THE ARRAIGNMENT
 9   UNTIL SUCH TIME AS YOU HAVE PERMANENTLY RETAINED COUNSEL.
10            SO IF IT IS THE SORT OF SITUATION WHERE YOU ARE
11   NOT ABLE TO AFFORD COUNSEL, LET THE JUDGE KNOW ON MONDAY AND
12   HE OR SHE WILL TAKE TESTIMONY ON THAT ISSUE AT THAT TIME.
13            ALL RIGHT.  NOW, MR. MORGENSTERN, YOU ARE ENTITLED
14   TO HAVE A HEARING TO DETERMINE THE TERMS AND CONDITIONS OF
15   YOUR BOND.
16            LET ME ASK THE GOVERNMENT WHAT ITS BOND
17   RECOMMENDATION IS ON MR. MORGENSTERN.
18            MR. MCCORMICK:  YOUR HONOR, THE GOVERNMENT
19   ORIGINALLY RECOMMENDED PRETRIAL DETENTION.  HOWEVER, IN THE
20   PAST FEW DAYS THE GOVERNMENT AND DEFENSE COUNSEL HAVE COME
21   TO A STIPULATED AGREEMENT ON BOND, SUBJECT TO THE COURT'S
22   APPROVAL.
23            THE COURT:  ALL RIGHT.  AND LET ME HEAR WHAT THE
24   PROPOSAL IS.
25            MR. MCCORMICK:  THE PROPOSAL IS THAT THE DEFENDANT
```

```
 1   WILL BE RELEASED ON A $100,000 CORPORATE SURETY BOND.  THE
 2   FIRST -- THE REQUIREMENT WAS WITH A NEBBIA, SATISFYING THE
 3   REQUIREMENTS OF NEBBIA.  IN THE GOVERNMENT'S VIEW THEY HAVE
 4   DONE THAT ALREADY, YOUR HONOR, PRIOR TO COURT TODAY.
 5           ALSO, THE GOVERNMENT WOULD ASK FOR A RESTRICTION
 6   ON -- IN TERMS OF THE DEFENDANT'S FREEDOM WE WOULD ASK THAT
 7   SOME SORT -- OR A CURFEW BE PLACED ON THE DEFENDANT FROM
 8   NIGHTFALL UNTIL THE NEXT MORNING WHILE HE'S ON BOND.
 9           WE WOULD ASK ALSO FOR THE -- THE PASSPORTS HAVE
10   BEEN SURRENDERED, AND I GUESS -- MR. UDOLF HAS ADVISED ME
11   THAT HE HAS TURNED SEVEN PASSPORTS OVER TO THE PRETRIAL
12   SERVICES.  THOSE ARE MEMBERS OF HIS FAMILY.
13           ALSO, WE WOULD ASK AS A SPECIAL CONDITION OF BOND
14   THAT THE DEFENDANT BE ORDERED NOT TO CONDUCT ANY FINANCIAL
15   TRANSACTIONS OR INVESTMENT TRANSACTIONS AS A SPECIAL
16   CONDITION OF BOND.
17           THE COURT:  NO INVESTMENT TRANSACTIONS?
18           MR. MCCORMICK:  OR FINANCIAL TRANSACTIONS.
19           THE COURT:  FINANCIAL TRANSACTION COULD BE ANY
20   PURCHASE.
21           MR. MCCORMICK:  WELL, FINANCIAL -- COMMERCIAL
22   FINANCIAL TRANSACTIONS.
23           THE COURT:  THE GOVERNMENT CAN PROFFER WHAT
24   MR. MORGENSTERN'S ROLE WAS IN THIS OFFENSE.
25           MR. MCCORMICK:  YES, YOUR HONOR.
```

```
 1              MR. MORGENSTERN IS CHARGED ALONG WITH HIS BROTHER
 2   WITH BEING INVOLVED IN A RICO CONSPIRACY.  THE PREDICATES
 3   THAT APPLY TO MR. MORGENSTERN ARE THE MONEY LAUNDERING
 4   VIOLATIONS HAVING TO DO WITH AN INVESTMENT FRAUD THAT BEGAN
 5   IN SOUTH CAROLINA AND ENDED UP, FUNDS DERIVED THROUGH A
 6   PONZI SCHEME WHERE TRANSPORTED TO SOUTH FLORIDA.
 7              THAT MR. MORGENSTERN -- HE AND HIS BROTHER WERE
 8   INVOLVED WITH MAKING DEPOSITS OF THESE VARIOUS FUNDS FROM
 9   VARIOUS VICTIMS AND EVENTUALLY THE ASSISTING IN TRANSPORTING
10   THE FUNDS, OR TRANSFERRING THE FUNDS FROM THE UNITED STATES
11   TO THE BAHAMAS.  AND THAT ACTUALLY COVERS THE SUBSTANTIVE
12   OFFENSES AS WELL AS THE RICO CONSPIRACY AS FAR AS
13   MR. MORGENSTERN IS CONCERNED.
14              THE COURT:  THERE WERE SOME ALLEGATIONS WITH
15   RESPECT TO SOME CODEFENDANTS WITH REGARD TO COLLECTING --
16   EXTORTIONATE COLLECTION OF LOANS AND GAMBLING DEBTS AND SOME
17   SUGGESTION OF VIOLENCE.
18              WAS MR. MORGENSTERN AT ALL INVOLVED IN ANY OF
19   THESE ACTIVITIES?
20              MR. MCCORMICK:  NOT TO THE GOVERNMENT'S KNOWLEDGE,
21   YOUR HONOR.
22              THE COURT:  MR. MORGENSTERN, I HAVE A COPY OF A
23   PRETRIAL SERVICES REPORT.  I WOULD LIKE TO TAKE A MINUTE OR
24   TWO AND READ THROUGH IT.  I WOULD LIKE YOU TO DO THE SAME.
25              I WILL THEN PLACE YOU UNDER OATH AND ASK YOU TO
```

```
 1  SWEAR TO ITS ACCURACY AND/OR TO NOTE ANY ERRORS OR MATERIAL
 2  OMISSIONS.  I WOULD JUST LIKE YOU TO TAKE A MOMENT OR TWO AS
 3  I DO THE SAME AND WE READ THROUGH THE REPORT.
 4          ALL RIGHT, MR. MORGENSTERN, PLEASE RAISE YOUR
 5  RIGHT HAND.
 6          DO YOU SOLEMNLY SWEAR TO TELL THE TRUTH, THE WHOLE
 7  TRUTH AND NOTHING BUT THE TRUTH?
 8          THE DEFENDANT:  YES.
 9          THE COURT:  MR. MORGENSTERN, HAVE YOU HAD AN
10  OPPORTUNITY TO READ AND REVIEW OF THE PRETRIAL SERVICES
11  REPORT?
12          THE DEFENDANT:  YES, I HAVE.
13          THE COURT:  ARE THERE ANY ERRORS OR MATERIAL
14  OMISSIONS IN THE REPORT?
15          THE DEFENDANT:  WELL, I HAD NEGLECTED TO INCLUDE
16  COUNTRY VISITED IN EARLY 2000.  APRIL OF 2000 I DID GO TO
17  BRAZIL FOR BUSINESS.  AND PRIOR TO 1989 I DID HAVE A DRUG
18  PROBLEM.  I SUCCESSFULLY COMPLETED DRUG TREATMENT AND DRUG
19  AFTER CARE IN -- 10 MONTHS OF DRUG AFTER CARE IN 1990, AND
20  HAVE NOT USED DRUGS, YOU KNOW, SINCE 1988.
21          THE COURT:  THE REPORT SAYS NO HISTORY OF DRUG OR
22  ALCOHOL ABUSE -- OR ALCOHOL IS REPORTED.  WERE YOU ASKED
23  THIS QUESTION BY PRETRIAL SERVICES?
24          THE DEFENDANT:  YES, BUT I TOLD HER IT WAS OVER 10
25  YEARS AGO AND SHE SAID IT HAS TO BE IN THE LAST COUPLE OF
```

```
 1  YEARS.
 2             THE COURT: ALL RIGHT. VERY WELL.
 3             THE DEFENDANT: BUT I DID SAY EXACTLY WHAT I JUST
 4  SAID NOW.
 5             THE COURT: ALL RIGHT. VERY WELL.
 6             ALL RIGHT. ANY OTHER ERRORS OR OMISSIONS?
 7             THE DEFENDANT: NO, IT'S FINE OTHER THAN THAT.
 8             THE COURT: ALL RIGHT. WITH THOSE CORRECTIONS IS
 9  THE REPORT TRUE AND ACCURATE, TO THE BEST OF YOUR KNOWLEDGE
10  AND BELIEF?
11             THE DEFENDANT: YES, YOUR HONOR.
12             THE COURT: TAKING A LOOK AT THE CRIMINAL RECORD,
13  HAVE YOU EVER BEEN ARRESTED AT ANY OTHER TIME, AT ANY OTHER
14  PLACE FOR ANY OTHER OFFENSE OTHER THAN WHAT'S REFLECTED ON
15  THE REPORT?
16             THE DEFENDANT: NO. NO, NOTHING ELSE.
17             I WOULD NOTE THAT '78 AND '81 BOTH OF THOSE WERE
18  NOT GUILTY.
19             THE COURT: ALL RIGHT.
20             THE DEFENDANT: NO, THIS IS IT.
21             THE COURT: HAVE YOU EVER FAILED TO APPEAR IN
22  COURT AT SUCH TIMES AND PLACES AS DIRECTED TO APPEAR?
23             THE DEFENDANT: NO, SIR, I HAVE NOT.
24             THE COURT: DOES THE GOVERNMENT HAVE ANY QUESTIONS
25  OF MR. MORGENSTERN WITHIN THE SCOPE OF THE REPORT?
```

```
 1              MR. MCCORMICK:  NO, YOUR HONOR.
 2              THE COURT:  DOES THE DEFENSE HAVE ANY QUESTIONS OF
 3   MR. MORGENSTERN WITHIN THE SCOPE OF THE REPORT?
 4              MR. UDOLF:  NO, YOUR HONOR.
 5              THE COURT:  OKAY.  THE COURT WILL GO AHEAD AND
 6   ACCEPT THE STIPULATED BOND IN THE AMOUNT OF $100,000
 7   CORPORATE SURETY WITH A NEBBIA, WHICH I UNDERSTAND HAS BEEN
 8   SATISFIED.  IN ADDITION, I WILL SET THE FOLLOWING STANDARDS
 9   AND SPECIAL CONDITIONS OF BOND.
10              MR. MORGENSTERN, I WOULD LIKE YOU TO PLEASE LISTEN
11   CAREFULLY AND WHEN I AM DONE I WILL ASK YOU WHETHER YOU
12   UNDERSTAND EACH AND EVERY ONE OF THE CONDITIONS OF BOND THAT
13   I HAVE SET FORTH.
14              FIRST AND FOREMOST, YOU ARE TO APPEAR IN COURT AT
15   SUCH TIMES AND PLACES AS DIRECTED TO APPEAR.  YOUR FAILURE
16   TO DO WOULD RESULT IN A SEPARATE INDICTABLE OFFENSE OF BOND
17   JUMPING.
18              YOUR TRAVEL WILL BE RESTRICTED TO THE SOUTHERN
19   DISTRICT OF FLORIDA, WHICH EXTENDS FROM KEY WEST ON THE
20   SOUTH UP TO VERO BEACH ON THE NORTH.  IF FOR ANY REASON YOU
21   NEED TO TRAVEL OUTSIDE THE DISTRICT, CONTACT YOUR ATTORNEY
22   WHO WILL IN TURN REQUEST PERMISSION FROM THE COURT.
23              YOU ARE TO CONTINUE TO RESIDE AT YOUR CURRENT
24   ADDRESS AS REFLECTED ON THE PRETRIAL SERVICES REPORT AND NOT
25   CHANGE THAT ADDRESS WITHOUT PRIOR NOTIFICATION AND
```

```
 1   PERMISSION FROM THE COURT.
 2                YOU SHALL NOT COMMIT ANY VIOLATION OF LOCAL, STATE
 3   OR FEDERAL LAW.  I UNDERSTAND THAT YOU HAVE SURRENDERED YOUR
 4   PASSPORT, BUT BEAR IN MIND THAT WHILE ON BOND YOU ARE NOT TO
 5   BE IN THE POSSESSION OF ANY OTHER PASSPORTS OR COMPARABLE
 6   TRAVEL DOCUMENTS.
 7                I AM GOING TO DIRECT THAT YOU REPORT TO THE
 8   PRETRIAL SERVICES OFFICE IN WEST PALM BEACH WITH THE
 9   FREQUENCY THAT THEY INSTRUCT YOU TO REPORT.  YOU ARE TO
10   MAINTAIN FULL-TIME EMPLOYMENT PENDING DISPOSITION OF THIS
11   MATTER.
12                NOW, PURSUANT TO THE STIPULATION IT IS MY
13   UNDERSTANDING THAT YOU ARE NOT TO BE INVOLVED IN ANY
14   INVESTMENT OR COMMERCIAL FINANCIAL TRANSACTIONS AS PART OF
15   THAT EMPLOYMENT.
16                YOU ARE TO AVOID ANY CONTACT WITH ANY VICTIMS OR
17   WITNESSES TO THIS OFFENSE, AND THAT INCLUDES YOUR
18   CODEFENDANTS, EXCEPT THROUGH AND WITH YOUR ATTORNEY AS
19   ATTORNEY -- OR ATTORNEYS AS THEY DEEM NECESSARY IN THE
20   PREPARATION OF YOUR DEFENSE.
21                DO YOU HAVE ANY GUNS?
22                THE DEFENDANT:  NO, SIR.
23                THE COURT:  BEAR IN MIND THAT WHILE ON BOND -- OF
24   COURSE, I BELIEVE YOU HAVE A PRIOR -- YES.  HAVING A PRIOR
25   FELONY CONVICTION YOU ARE NOT TO BE IN THE POSSESSION OF ANY
```

```
 1   OTHER GUN, OR ANY GUNS OR OTHER DANGEROUS WEAPONS.
 2              YOU SHALL OF COURSE REFRAIN FROM THE CONSUMPTION
 3   OF ANY ILLEGAL NARCOTICS AND FROM THE EXCESSIVE USE OF
 4   ALCOHOL AND SUBMIT TO ANY RANDOM URINE ANALYSES THAT THE
 5   PRETRIAL SERVICES OFFICER DEEMS NECESSARY, AS WELL AS ANY
 6   RECOMMENDED FOLLOW-UP TREATMENT.
 7              NOW, I TAKE IT FROM WHAT YOU HAVE TOLD ME YOU HAVE
 8   BEEN CLEAN FOR 10 YEARS, BUT PRETRIAL WILL ASK YOU ABOUT
 9   THAT AND THEY WILL BE DOING A TEST RIGHT OFF THE BAT.  SO IF
10   THE CASE IS OTHERWISE YOU SHOULD LET THEM KNOW BEFORE THE
11   RESULTS COME BACK.
12              ALL RIGHT.  LET ME ASK WHETHER EITHER THE -- THERE
13   IS ALSO A REQUEST WITH RESPECT TO A CURFEW.
14              LET ME ASK COUNSEL WHAT HOURS THEY HAD PROPOSED?
15              MR. MCCORMICK:  NINE P.M. TO SIX A.M.
16              THE COURT:  ALL RIGHT.  AND, MR. UDOLF, ANY
17   OBJECTION TO THOSE HOURS?
18              MR. UDOLF:  NO OBJECTION.
19              THE COURT:  WE WILL GO AHEAD AND IMPOSE A CURFEW
20   FROM NINE P.M. TO SIX A.M., DURING WHICH TIME, BARRING AN
21   EMERGENCY, YOU ARE TO BE INSIDE YOUR HOME AND THAT WILL BE
22   MONITORED BY PRETRIAL SERVICES.
23              ALL RIGHT.  LET ME ASK WHETHER EITHER THE
24   GOVERNMENT OR THE DEFENSE HAS ANY OTHER RECOMMENDED
25   ADDITIONS OR MODIFICATIONS OF BOND.
```

```
 1                FIRST FROM THE GOVERNMENT.
 2                MR. UDOLF:  THERE IS ONE MATTER WE WOULD LIKE TO
 3   CLARIFY, YOUR HONOR.
 4                THE COURT:  YES.
 5                MR. UDOLF:  IF WE COULD APPROACH?
 6                THE COURT:  ALL RIGHT.
 7                (OFF THE RECORD DISCUSSION HAD)
 8                THE COURT:  OKAY.  WE WILL LEAVE ALL THE TERMS AND
 9   CONDITIONS OF BOND AS I HAVE SET FORTH.
10                ALL RIGHT, MR. MORGENSTERN, DO YOU UNDERSTAND EACH
11   AND EVERY ONE OF THE CONDITIONS OF BOND THAT I HAVE SET
12   FORTH?
13                THE DEFENDANT:  YES.  ALTHOUGH I DID SPEAK TO THE
14   PRETRIAL PERSON AND SHE SAID IT WAS POSSIBLE FOR ME TO
15   REPORT IN FORT LAUDERDALE BECAUSE THE TRANSPORTATION IS
16   EASIER FOR ME.
17                THE COURT:  WE CAN DO THAT.  GENERALLY WE DO IT IN
18   THE COUNTY IN WHICH YOU RESIDE, BUT IF IT IS EASIER IN
19   FORT LAUDERDALE IT IS NOT A PROBLEM.  WE CAN DO THE PRETRIAL
20   IN FORT LAUDERDALE.
21                THE DEFENDANT:  THERE SEEMS TO BE A TYPO ON THIS
22   REPORT.  IT HAS 1-30-1998, AND THEN IT HAS 1-30-89.  THAT
23   OFFENSE WAS IN '89.
24                THE COURT:  YES, I FIGURED THAT FROM THE DATE.
25                THE DEFENDANT:  (INAUDIBLE)
```

```
 1                THE COURT:  I FIGURED THAT FROM THE DATE OF THE
 2   CONVICTION.  I THINK THE NUMBERS GOT TRANSPOSED.
 3                ALL RIGHT, MR. MORGENSTERN, THEN YOU UNDERSTAND
 4   EACH AND EVERY ONE OF THE CONDITIONS OF BOND THAT I HAVE SET
 5   FORTH?
 6                THE DEFENDANT:  YES, SIR, I DO.
 7                THE COURT:  IN JUST A MOMENT WE ARE GOING TO GIVE
 8   YOU A FORM ENTITLED "CONDITIONS OF RELEASE" WHICH I WOULD
 9   LIKE YOU TO PLEASE READ AND SIGN, BUT DON'T SIGN IT UNTIL
10   YOU HAVE READ IT AND THOROUGHLY UNDERSTAND IT.
11                THE DEFENDANT:  YES, SIR.
12                THE COURT:  FINALLY, I NEED TO INFORM YOU THAT FOR
13   A VIOLATION OF ANY ONE OR A COMBINATION OF CONDITIONS OF
14   RELEASE THAT YOU MAY HAVE A WARRANT ISSUED FOR YOUR ARREST,
15   YOUR BOND MAY BE REVOKED, YOU MAY BE SUBJECTING YOURSELF TO
16   CONTEMPT OF COURT, AS WELL AS FURTHER AND ADDITIONAL
17   CRIMINAL PENALTIES, DO YOU UNDERSTAND?
18                THE DEFENDANT:  YES, SIR, I DO.
19                THE COURT:  LET ME ASK WHETHER EITHER THE
20   GOVERNMENT OR THE DEFENSE HAS ANY OTHER MATTERS PERTAINING
21   TO MR. MORGENSTERN THAT THEY WISH TO RAISE.
22                MR. MCCORMICK:  NONE FROM THE GOVERNMENT, YOUR
23   HONOR.
24                MR. UDOLF:  NOTHING FROM THE DEFENSE, YOUR HONOR.
25                THE COURT:  MR. MORGENSTERN, DO YOU HAVE ANY
```

```
 1  QUESTIONS THAT I CAN ANSWER EITHER ABOUT WHAT WE HAVE DONE
 2  TODAY, ABOUT THE TERMS AND CONDITIONS OF YOUR BOND, OR ABOUT
 3  WHAT WILL BE OCCURRING NEXT IN YOUR CASE?
 4          THE DEFENDANT:  NO, SIR, I DON'T.
 5          THE COURT:  NOW, BEAR IN MIND THIS CASE HAS FALLEN
 6  TO A MIAMI DISTRICT JUDGE.  SO, THEREFORE, AFTER TODAY ALL
 7  FURTHER PROCEEDINGS WILL BE AT THE FEDERAL COURTHOUSE IN
 8  MIAMI, INCLUDING NEXT MONDAY MORNING, THE INQUIRY REGARDING
 9  COUNSEL AND POSSIBLE ARRAIGNMENT AT TEN A.M.
10          ALL RIGHT.  VERY WELL.  IF YOU HAVE A SEAT AT
11  COUNSEL TABLE, WE WILL GIVE YOU THE PAPERWORK.
12                            - - -
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2
 3                    C E R T I F I C A T E
 4
 5
 6   UNITED STATES OF AMERICA
 7   SOUTHERN DISTRICT OF FLORIDA
 8
 9
10        I, CARL SCHANZLEH, OFFICIAL COURT REPORTER OF THE
11   UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
12   FLORIDA, DO HEREBY CERTIFY THAT THE FOREGOING 14 PAGES
13   CONSTITUTE A TRUE TRANSCRIPT OF THE PROCEEDINGS HAD BEFORE
14   THE SAID COURT HELD IN THE CITY OF FORT LAUDERDALE, FLORIDA,
15   IN THE MATTER THEREIN STATED.
16        IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS
17   14TH DAY OF APRIL, 2001.
18
19                              _____
                                CARL SCHANZLEH, RPR-CM
20                              OFFICIAL FEDERAL COURT REPORTER
                                299 EAST BROWARD BLVD., 202B
21                              FORT LAUDERDALE, FL  33301
                                TELEPHONE 954/769-5488
22
23
24
25
```