UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-SEITZ/98-7044-CIV-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MAMMONE, et al.,

    Defendants.
_____/



FILED by ___ D.C.
JUN 1 8 2001
CLARENCE MADDOX
CLERK, U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### ORDER DENYING JOINT MOTION OF SECURITIES AND EXCHANGE COMMISSION, DAVID MORGENSTERN AND FRED MORGENSTERN FOR A PARTIAL RELEASE OF THE FREEZE ORDER OF OCTOBER 27, 2000

THIS CAUSE came before the Court upon the Securities and Exchange Commission, David Morgenstern, and Fred Morgenstern's Joint Motion (DE-396) for a Partial Release of the Freeze Order of October 27, 2000 to Allow Defendants Morgenstern to Pay Funds for Investors, Civil Penalties and Special Master Administrative Costs as Ordered by the Court in *SEC v. Morgenstern*, Civ. No. 98-7044, (S.D. Fla. Jan, 16, 2001) (Seitz, J.). The Government opposed this joint motion (DE-420).

Pursuant to 18 U.S.C. § 1963(d) and 21 U.S.C. § 853(e), this Court,, following the October 24, 2000 indictment, entered a protective freeze order, 00-6309-CR-SEITZ, to preserve the availability of the Morgensterns' property for forfeiture. The joint motion asks this Court to relax the October 27, 2000 Freeze Order to allow the Morgensterns to pay: (1) $3.75 million to the Special Master for purposes of a pro-rata distribution to the investors; (2) $150,000 for administrative costs of the Special Master; and (3) $20,000 to allow Fred Morgenstern to pay his civil penalty to the United States Treasury. The Government responds that this motion is premature and not yet ripe for adjudication.

This Court agrees with the Government. The October 27, 2000 Freeze Order was granted pursuant to 18 U.S.C. §§ 982, 1963 and 21 U.S.C. § 853. Pursuant to these sections, no party claiming an interest in property subject to forfeiture may "commence an action at law or equity against the United States concerning the validity of [its] interest in the property subsequent to the filing of an indictment." 18 U.S.C. § 1963(i)(2); 21 U.S.C. § 853(k)(2). Each of these sections sets forth specific procedures for third parties to claim an interest in property subject to forfeiture. *See* 18 U.S.C. § 1963(l); 21 U.S.C. § 853(n). However, none of this procedures may be instituted prior to the entry of an order for forfeiture. *Id.* Because no order of forfeiture has been entered, the joint motion is premature and must be denied. Accordingly, it is hereby

ORDERED THAT:

(1) the Joint Motion for a Partial Release of the October 27, 2000 Freeze Order (DE-396) is DENIED;

(2) this Court's May 7, 2001 Order Granting Defendant Fred Morgernstern Partial Relief from Protective Order (DE-419) is hereby VACATED; and

(3) this Order shall also be docketed in 98-7044-CIV-SEITZ.

DONE AND ORDERED in Miami, Florida this /8th day of June, 2001.

Since the initiation of this Court's FAXBACK program, the parties are no longer required to submit envelopes with their motions & proposed orders. Orders should include a full service list.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: **Magistrate Judge Garber**
    Attached Service List

2

**00-6309-Service List**

Counsel for SEC
Edward G. Sullivan
United States Securities and Exchange Commission
3475 Lenox Road NE
Suite 1000
Atlanta, GA 30326-1232

Counsel for Morgensterns
Laurie Wikle Bolch
2260 N Dixie Highway
Boca Raton, FL 33431

Special Master
Jeffrey A. Winikoff
Stein Rosenberg & Winikoff
4875 N Federal Highway
7th Floor
Fort Lauderdale, FL 33308

Counsel for Government
William Beckerleg, Jr., AUSA
500 E. Broward Blvd., ste. 700
Ft. Lauderdale, FL 33394

Counsel for Defendant Stevens
Steven Katzman
Katzman, Wasserman & Bennardini
Comeau Bldg., ste. 1000
319 Clematis St.
West Palm Beach, FL 33401