IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number #00-6309-CR-Seitz

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID MORGENSTERN, et.al.

    Defendant.

_____/

### DAVID MORGENSTERN'S NOTICE/SUGGESTION TO TO THE COURT REGARDING SOUTH CAROLINA DISCOVERY and DAVID MORGENSTERN'S RESPONSE TO "RESPONSE TO COURT'S INQUIRY RE DISCOVERY MATERIALS" FILED BY CO-DEFENDANT FRED MORGENSTERN and REQUEST FOR A HEARING

COMES NOW Ana M. Jhones, as counsel to the Defendant, who hereby files David Morgenstern's Notice of Position Regarding Discovery in South Carolina *and* David Morgenstern's Response to "Response to Court's Inquiry Re: Discovery Materials" filed by Co-defendant Fred Morgenstern. The Defendant David Morgenstern's position is as follows:

    1. That after conferring with the Government on this matter it is clear that, for the immediate future, the potential option of bringing the "South Carolina" discovery to the

Southern District of Florida, is at this point not possible. As was related at the status conference held on Friday, September 21, 2001. Two trials are presently set for October and December in South Carolina. Thus, the discovery must remain in that jurisdiction. That Mr. Howes, counsel to Fred Morgenstern represented to this Court that undersigned counsel had stated to him that "Mr. McCormick has refused to produce the requested documents in Florida". This is a mischaracterization of undersigned's conversation with Mr. Howes. Mr. McCormick has not refused to provide the South Carolina discovery in the Southern District. Mr. McCormick simply stated that he was unable to do so given the two pending trials in South Carolina.[1] Additionally, undersigned counsel *did not* tell Mr. Howes that "based on the position taken by the Government. . .it is therefore pointless to ask the Court to produce these items in Florida based on the Government's refusal to do so". Undersigned counsel at *all* times relevant to this issue, and indeed others, has taken the position that this issue *can* be resolved with the assistance of the Government. At no time did undersigned counsel relate to Mr. Howes that the Court should or should not order the Government to produce this discovery.

2. That based on my conversations with Mr. McCormick and Ms. Fernandez it is

---

[1] Undersigned counsel had requested of Mr. Howes that prior to his filing a response with this Court that she would like to review it. However, undersigned counsel received the Response filed by Mr. Howes early this morning. Counsel called Mr. Howes' office and was told that the motion had already been filed.

2

their understanding that an inventory of the contents of the discovery in South Carolina does not exist.

2. That undersigned counsel, on behalf of David Morgenstern, would most respectfully reiterate to this Court, that it is believed that only a very small portion of the discovery in South Carolina, it is anticipated shall be needed. This assessment is based on undersigned counsel's belief that at least a portion of the "South Carolina" discovery had been made available by the Government in our district. However, there is no doubt that there is a great deal of discovery in South Carolina that must be reviewed in order to thoroughly determine what may or may not be relevant evidence in this case and to insure that Mr. David Morgenstern, and indeed all defendant's, have access to the tools necessary for a proper defense.

3. That upon information and belief there are approximately 150 boxes in South Carolina. That of these 150 boxes, 74 boxes were set aside in order to have them subject to a more thorough review. That the remaining boxes, it was determined were not necessary. That the contents of these 74 boxes should be carefully reviewed. That at this juncture, undersigned counsel would most respectfully suggest that travel to South Carolina would be appropriate so that an independent review of these boxes can be had and an assessment made as to the "evidentiary value" of the items contained in these 74 boxes. That after a careful review has been had, then a report can be provided to this Court as to *what* is needed

and *why,* in an Ex Parte fashion, if necessary, as provided for in the Criminal Justice Act.

4. That as this Court is aware, this case, especially as it relates to Mr. David Morgenstern, is a document intensive case. That undersigned counsel, has not, as of yet, made an application for expenses to this Court, because a total review of the discovery has not been completed and that in order to make a detailed showing of what is needed, in terms of investigative, expert and other miscellaneous funds, it was determined that more review was necessary. That it is clear that our Circuit requires a detailed showing prior to approval of CJA (18 U.S.C. § 3006A) funds. See, Moore v. Kemp, 809 F.2d 702 (11th Cir. 1987) citing to Ake v. Oklahoma, 105 S.Ct. 1087 (1985).

5. That travel to South Carolina can be arranged through the Criminal Justice Desk, and in accordance with the Criminal Justice Act mandates. As the Court is aware, Ms. Lucy Lara is always available to CJA counsel and is most helpful on this issues. That travel to South Carolina would be arranged, if approved by this Court, through the National Travel Service, so as to minimize the expenditures associated with this trip. It is anticipated that the trip would take a maximum of 2-3 days, depending on the location and availability of the discovery.

6. That given the unfortunate turn of events that this matter has taken it is most respectfully suggested that a hearing be held on this issue so that the Court may have the benefit of *all* the facts from *all* the parties. That this issue has served to unduly delay these

proceedings and more importantly, the preparation of pre-trial motions which are presently due on the 17th of October. Thus, most respectfully, it would be suggested that to the extent that the Court's calendar so permits, that a hearing be held as soon as possible.

Wherefore, most respectfully, David Morgenstern, files with this Honorable Court his suggestion regarding the handling of the discovery in South Carolina and would further request that a hearing be held on this matter.

7. That undersigned counsel has spoken to Mr. McCormick, the Assistant United States Attorney on this matter and he is in agreement that, at this point, this is the best option.

Respectfully submitted,

ANA M. JHONES
Attorney at Law
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, FL 33132
Telephone: (305) 374-4919
Fax      : (305) 374-3414

BY:_____
FOR: Ana M. Jhones
Florida Bar #771170

CERTIFICATE OF SERVICE

5

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via FAX to the following counsel of record on this ___2nd___ day of October, 2001:

J. Brian McCormick
**Assistant US Attorney**
500 East Broward Blvd., 7th Floor
Ft. Lauderdale, FL.  33306-1704
Phone: 954-356-7255
Fax:    954-356-7336

David Rothman, Esq.
Counsel to **John Mamone**
Thornton & Rothman
200 S. Biscayne Blvd., Suite 2690
Miami, FL.  33131-2310
Phone: 305-358-9000
Fax:    305-374-5747

John Howes, Esq.
Counsel to **Fred Morgenstern**
633 S.E. Third Ave., Suite 4F
Ft. Lauderdale, FL.  33302
Phone: 954-763-6003
Fax:    954-462-2255

Emmanuel Perez, Esq.
Counsel to **Joseph Silvestri**
2121 Ponce de Leon Blvd. Suite 290
Coral Gables, FL.  33134-5222
Phone: 305-442-7442
Fax:    305-441-9218

Brian L. Tannebaum, Esq.
Counsel to **Michael Buccianna**
200 South Biscayne Blvd., Suite 2690
First Union Financial Center
Miami, FL.  33131
Phone: 305-356-9000
Fax:    305-374-5747

John F. Cotrone, Esq.
Counsel for **Frederick Scarola**
509 SE 9th St., Suite 1
Ft. Lauderdale, FL.  33316
Phone: 954-779-7773
Fax:    954-779-7758

James Benjamin, Esq.
Counsel to **Mark Carattini**
1 Financial Plaza, Suite 1615
Ft. Lauderdale, FL.  33394
Phone: 954-779-1700
Fax:    954-858-0603

Neil M. Nameroff, Esq.
Counsel for **Anson Klinger**
100 SE 2nd Ave., Suite 3350
Miami, FL.  33131
Phone: 305-536-8700
Fax:    305-536-8704

Brian H. Bieber, Esq.
Counsel for **Joseph Spitaleri**
2600 Douglas Rd., Penthouse 1
Coral Gables, FL.  33134
Phone: 305-445-5320
Fax:    305-446-1766

Jon May, Esq.
Counsel for **Charles Clay**
200 E. Broward Blvd.., Suite. 1210
Ft. Lauderdale, FL.  33301
Phone: 954-761-7201
Fax:    954-767-8343

Richard Hamar, Esq.
Maria Hamar, Esq.
Counsel for **Charles Clay**
2437 Briarcrest Rd.
Beverly Hills, CA.  90210
Phone: (310) 550-0460

Charles G. White, Esq.
Counsel for **Peggy Preston**
2900 Bridgeport Avenue, Suite 401
Coconut Grove, FL   33133-3606
Phone: 305-856-1211
Fax:     305-446-5856

Philip R. Horowitz, Esq.
Counsel for **Mark Weiss**
9130 South Dadeland Blvd.
Suite #1910 - Two Datran Center
Miami, FL.  33156
Phone: 305-232-1949
Fax:     305-232-1963

David G. Vinikoor, Esq.
Counsel for **Jacolyn Baruch**
420 SE 12th St.
Ft. Lauderdale, FL.  33316
Phone: 954-522-2500
Fax:     954-522-7278

Jeffrey M. Harris, Esq.
Counsel to **David Bell**
One East Broward Blvd., Suite 925
Ft. Lauderdale, FL.   33301
Phone: 954-522-7000
Fax:     954-522-7008

Jayne Weintraub
Counsel to **Joseph Russo**
100 SE 2nd Street Suite 3550
Miami FL 33131-2150
Phone: 305-374-1818
Fax:     305-358-5917

Michael Tarre, Esq.
Counsel to **Jeffrey Bass**
Two S. Biscayne Boulevard, Suite 3250
Miami FL 33132
Phone: 305- 442-8255

Fax:   305-445-8668

Kenneth Swartz
Counsel to **John O'Sullivan**
100 North Biscayne Boulevard Suite 2100
Miami FL 33132-2307
Phone: 305-579-9090
Fax:   305-371-4380