UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS (S)(S)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID MORGENSTERN,

        Defendant.

_____

GOVERNMENT'S MOTION TO STRIKE PRO SE PLEADINGS, AND GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION FOR DISCOVERY AND <u>CONTINUANCE REQUEST OF DAVID MORGENSTERN</u>

    The United States of America, through its undersigned Assistant United States Attorneys, files this Motion to Strike Pleadings of Defendant David Morgenstern and hereby responds to Defendant's Motion for Continuance, and in support thereof states as follows:

    1.  On October 24, 200, the defendant, David Morgenstern, was charged with eighteen other persons in a sealed indictment with RICO Conspiracy and other substantive offenses.

    2.  On or about December 20, 2000, the attorney Anna Jhones was appointed as attorney for the defendant pursuant to the Criminal Justice Act. The defendant was also arraigned on that date and the Standing Discovery Order was entered.



3. On January 30, 2001, a first superseding indictment was returned in which the defendant was again charged with RICO Conspiracy and numerous other violations.

4. On February 12, 2001, the defendant, who was represented by attorney Anna Jhones, entered a not guilty plea before Magistrate Judge Barry Garber. On the same date, the Standing Discovery Order was entered.

5. On April 19, 2001, the Court entered an Order authorizing the defendant to purchase certain discovery in this case.

6. On August 14, 2001, a second superseding indictment was returned charging defendant and thirteen other persons with RICO Conspiracy and other substantive offenses.

7. On September 14, 2001, defendant David Morgenstern, who was represented by attorney Anna Jhones, entered a plea of not guilty and the Standing Discovery Order was entered.

8. On October 11, 2001, the Court issued an order setting October 22, 2001 as the deadline for all pre-trial motions.

9. On or about October 31, 2001, attorney Anna Jhones and defendant David Morgenstern requested that Ms. Jhones be permitted to withdraw. The defendant requested new counsel. Attorney Jhones indicated to Magistrate judge Seltzer that there existed a conflict between her and the defendant that could not be resolved.

10. On December 3, 2001, Magistrate Judge Garber entered a *nunc pro tunc* order appointing Scott W. Sakin as counsel for the defendant, pursuant to the Criminal Justice Act.

11. Since that time, Mr. Sakin has been in continual contact with the government concerning discovery matters and plea negotiations. At the defendant's request, Mr. Sakin aggressively entered into plea negotiation with the undersigned attorneys in this district and was involved in plea negotiations in the District of South Carolina in another criminal matter filed against defendant there.

12. During April 2002, Mr. Sakin was involved in two lengthy debriefings of the defendant by undersigned counsel and the investigative agencies. At that time, the defendant indicated that he was considering a plea of guilty to the charges in this district and in the District of South Carolina. No mention of the need for any additional discovery was made until this past week. These last-minute discovery requests are made solely to delay defendant's trial.

13. The government respectfully submits that the court set October 22, 2001 as the discovery motion cut-off date. The government has complied with the discovery under the Standing Discovery Order and Rule 16. The Court should deny defendant's last-minute motion discovery motion and continuance motion related to the need for additional discovery.

14. Moreover, the government submits that the court should strike the Motion and attachment filed by the defendant, acting pro se, because he was and is represented by CJA counsel. "A defendant does not have an affirmative right to submit a pro se brief when represented by counsel." United States v. Gwiazdzinski, 141 F.3d 784, 786 (7th Cir. 1998), cert. denied, 525 U.S. 880 (1998), citing Hayes v. Hawes, 921 F.2d 100, 102 (7th Cir. 1990) (per curium).

15. The government submits that the defendant has at all times been represented by able and competent counsel in this case, and that unsupported allegations concerning the competence of his attorney are purely for the purposes of delay to avoid the trial that is set for May 6, 2002. The Court should reject defendant's claims that his attorney is ineffective.

16. As for defendant's contention that he is medically unfit to stand trial, the government submits the attached letter from defendant's doctor, John Sortino, M.D., who examined defendant on April 29. In Dr. Sortino's opinion, defendant is medically stable and competent to stand trial on May 6, 2002.

WHEREFORE, the Government respectfully requests that the *pro se* filings of David Morgenstern be stricken.

Respectfully submitted,

GUY E. LEWIS
UNITED STATES ATTORNEY

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
DIANA L.W. FERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
Court I.D. #A5500017
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this _____ day of _____, 2002 to:

William Norris, Esq.
7685 SW 104th Street, Suite 220
Offices of Pinecrest II
Miami, FL 33156
(Counsel for Fred Morgenstern)

Scott William Sakin, Esq.
1411 NW North River Drive
Miami, FL 33125
(Counsel for David Morgenstern)

Emmanuel Perez, Esq.
2121 Ponce de Leon Blvd.
Suite 920
Coral Gables, FL 33134-5222
(Counsel for Joseph Silvestri)

Phillip R. Horowitz, Esq.
Two Datran Center
9130 South Dadeland Blvd.,
Suite 1910
Miami, FL 33156
(Counsel for Mark Weiss)

JAMES R. PAVLOCK
SENIOR TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE

**North Broward Community Health Center Inc.**
3773 North Federal Highway
Pompano Beach, Florida 33064

Monday, April 29, 2002

To Whom It May Concern:

Today I evaluated Mr. David Morgenstern. He is no longer on IV antibiotics, and he decreased the use of Percocet 5/325 mg to 2 pills twice a day. I have decreased the Oxycotin to 20mg, 1 pill twice a day.

Mr. Morgenstern is now medically stable and competent to stand trial on May 6th 2002.

John Sortino, M.D.

*[signature]*