UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO. 00-6309-CR-DIMITROULEAS

　　　　Plaintiff,

vs.

FRED MORGENSTERN and
DAVID MORGENSTERN,

　　　　Defendants.
_____/



# ORDER

THIS CAUSE having come before the Court on Defendant's <u>ore</u> <u>tenus</u> May 2, 2002, Request for Recusal and the Court having heard arguments on that date and having reviewed Government's May 9, 2002 Memorandum in Response [DE-979] and Defendant Fred Morgenstern's May 13, 2002[1] brief [DE-980], finds as follows:

　　1. On September 23, 1998, this Court was assigned the civil case of <u>SEC v. Fred Morgenstern, David Morgenstern, et al.</u>, Case No. 98-7044-CIV-DIMITROULEAS.

　　2. On September 23, 1999, as a duty judge, this Court authorized a wiretap wherein Fred Morgenstern was named as one of the interceptees in the order. Evidence seized from that wiretap will apparently be sought to be introduced into evidence in this criminal trial by the Government.

　　3. On October 26, 1999, the Court, fearing that the <u>ex parte</u> communications that it had

---

[1] Briefs were due on May 10, 2002. Although Fred Morgenstern certifies that the brief was mailed on May 9, 2002, it was not filed until May 13, 2002 at 1:53 P.M. Nevertheless, the Court has considered it. No brief was filed by David Morgenstern, apparently, he joins in Fred Morgenstern's brief.

1



received in the wiretap case could cause the Defendants, should an adverse decision be made by the Court in the SEC case, to question the Court's ability to have been impartial, and not knowing when the existence of the wiretap could be made known to the SEC defendants, the Court, in an abundance of caution, entered a recusal order. See U.S. v. Mikaelian, 168 F. 3d 380, 388 (9th Cir. 1999).

4. On October 26, 2000, the Defendants in this case were indicted, and the case was randomly assigned to Judge Patricia Seitz.

5. Because of her heavy trial docket, Judge Seitz transferred this case to this Court for trial. During a calendar call held on May 2, 2002, one of this court's law clerks brought to the court's attention that recusal orders had been entered in 1999 in civil cases handled by this court. The court initially did not have an immediate recollection of the reason for the recusal. Upon reviewing the court files and further reflection, the court determined that the recusals had been sua sponte entered because of the court's concern about the appearance of presiding over a non-jury fact determination when the court had received negative ex parte information about defendants, and the court did not know whether it would be able to make a disclosure to the Defendants before having to decide factual issues.

6. Upon the court's notification of these matters, both defendants conferred with counsel and requested recusal[2]. The court was concerned about the legal effect that the prior recusal in the SEC case would have upon this court's ability to preside over a criminal case in which some of the evidentiary matters contested in the SEC case would be at issue here. Therefore, the Court requested briefs of which the government's has been received and reviewed.

---

[2]Fred Morgenstern's counsel seemed to couple the request with a need for additional time to prepare. Counsel for Silvestri and Weiss did not request recusal.

7. The fact that a court may have learned something by virtue of an <u>ex parte</u> judicial communication does not provide a basis for recusal, absent a showing of deep-seated bias or prejudice. <u>U.S. v. Bailey</u>, 175 F. 3d 966, 969 (11th Cir. 1999). There has been no allegation of a deep-seated bias or prejudice.

8. The court's having previously issued a wiretap order that results in criminal charges does not automatically merit recusal. <u>Camacho v. Autoridad de Telefenos de Puerto Rico</u>, 868 F. 2d 482, 490 (1st Cir. 1989).

9. A prior recusal in a case where the same defendant is being prosecuted, does not automatically merit disqualification. <u>U.S. v. Merkt</u>, 794 F. 2d 950, 960 (5th Cir. 1986), <u>cert. denied</u>, 107 S. Ct. 1603 (1987).

10. The benefit of any doubt must be resolved in favor of disqualification. <u>Murray v. Scott</u>, 253 F. 3d 1308, 1310 (11th Cir. 2001). It is a close question, then recusal is appropriate. <u>In re: Boston's Children First</u>, 239 F. 3d 59, 62 (1st Cir. 2001). The goal should be to avoid even the appearance of partiality. <u>U.S. v. Anderson</u>, 160 F. 3d 231, 233 (5th Cir. 1998).

11. However, an unnecessary recusal and subsequent transfer is inherently inefficient and delays the administration of justice. <u>U.S. v. Snyder</u>, 235 F. 3d 42, 46 (1st Cir. 2000), <u>cert. denied</u>, 121 S. Ct 2205 (2001). Prior adverse rulings are not a basis for recusal. <u>U.S. v. Arena</u>, 180 F. 3d 380, 398 (2d Cir. 1999), <u>cert. denied</u>, 121 S. Ct. 33 (2000).

12. Here, an objective, disinterested, lay observer, fully informed of the facts on which recusal was sought, would not entertain a significant doubt about this court's impartiality. <u>U.S. v. Chandler</u>, 996 F. 2d 1073, 1104 (11th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 2724 (1994).

Wherefore, the Motions to Recuse are Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of May, 2002.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

William Norris, Esquire
7685 S.W. 104th Street, #220
Miami, FL 33156

Scott William Sakin, Esquire
1411 N.W. North River Drive
Miami, FL 33125

Richard Sharpstein, Esquire
777 Brickell Avenue, #500
Miami, FL 33131

Phillip R. Horowitz, Esquire
9130 South Dadeland Boulevard, #1910
Miami, FL 33156

Diana L.W. Fernandez, AUSA