UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID MORGENSTERN,

    Defendant.
_____/

## UNITED STATES' MOTION FOR ENTRY OF
## JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

The United States requests entry of judgment and preliminary order of forfeiture pursuant to 21 U.S. §853, 18 U.S.C. §982 and Fed. R. Crim. P. 32.2 (b) (2). In support, the United States submits that:

1. On May 22, 2002, defendant David Morgenstern ("defendant") pled guilty to Count 14 of the second superseding indictment, which charged defendant with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). The object of the conspiracy to which the defendant agrees to plead guilty is a violation of Title 18, United States Code, Section 1957 (engaging in a monetary transaction in property derived from specified unlawful activity).

2. The forfeiture portion of second superseding the indictment filed with this Court on August 14, 2001(D.E.#517) seeks the forfeiture of all property, real and personal, involved in the aforesaid offenses and all property traceable to such property, as to which property the defendants are jointly and severally liable.



3. In his plea agreement, defendant agreed at page 4, paragraph 9, to the entry of a forfeiture money judgment and/or restitution order in the amount of $13,503,927.36 after the appropriate credit[1].

4. Rule 32.2 (b)(2), Federal Rules of Criminal Procedure allows this Court to enter a preliminary order of forfeiture at any time after accepting a guilty plea.

5. Title 21 United States Code §853[2] (g), provides.

> Upon entry of an order of forfeiture under this section the court <u>shall</u> authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (Emphasis added).

6. Pursuant to 21 U.S.C. §853(g) and Fed. R. Crim. P. 32.2 (b)(2), the United States requests that the Court enter the attached-preliminary order of forfeiture.

## ASSET SOUGHT TO BE FORFEITED

7. Accordingly, the United States requests that this Court enter an order forfeiting the defendant's interest, rights and title in $13,503,927.36, representing the amount of proceeds

---

[1] Defendant agreed to the entry of a forfeiture-money judgment in the amount of $31,273,273.58. The United States, however, agreed to allow defendant to receive a credit for $17,769,346.22, for the repatriation of monies transferred from Barclays Bank, London, England, Account # 63772677 in the name of "Falcon Trust Co. Ltd."

[2] 18 U.S.C. §982(b)(1) incorporates 21 U.S.C. §853 by reference as the governing provision for the forfeiture of property.

obtained, directly or indirectly, by defendant from the violations in Count 14 of the second superseding indictment.

### NOTIFICATION PROCEDURE

8.  After the entry of the judgment and preliminary order of forfeiture, the United States shall promptly commence the notification and publication process required by 21 U.S.C. §853(n)(1). If any third party claims or petitions are filed with the Court within the applicable period, the United States shall apply to the Court to take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

9.  The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32(d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

**WHEREFORE**, the United States requests the entry of the attached Judgment and Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. §853 and 18 U.S.C. § 982.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
WILLIAM H. BECKERLEG, JR.
Assistant United States Attorney
500 E. Broward Boulevard, Suite 700
Ft. Lauderdale, Fl 33394
Tel: (954)356-7314 ext. 3614
Fax: (954)356-7180
Fla. Bar No. A5500074

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was mailed by Federal Express this 24th day of May, 2002, to: Scott W. Sakin, Esq., 1411 N.W. North River Drive, Miami, FL 33125-2601.

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY