UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE №   00-6309-CR-DIMITROULEAS ✓
02-60100-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

DAVID MORGENSTERN,

    *Defendant.*
_____/



## DEFENDANT DAVID MORGENSTERN'S
## POSITION WITH RESPECT TO SENTENCING FACTORS

Defendant, **DAVID MORGENSTERN**, by and through undersigned counsel, hereby files this, his position with respect to sentencing factors as follows:

1. <u>Defendant should not receive an adjustment for role in the offense pursuant to paragraph 85 of the PSI report</u>. The defendant was not an organizer or leader of criminal activity as defined in Section 3B1.1(a) as reflected by the PSI report. The defendant's role in this case was not of organizer or leader. This is an extensive indictment covering various facets of fraud and other activities some of which the defendant had no dealings. The defendant's involvement in this case is the investment of the proceeds. This defendant did not have control over others much less five or more participants. The defendant did not exercise direct or indirect control over others. The defendant did not recruit others to be involved. Notably, the offense conduct of the PSI report which begins at paragraph 12 makes



very little mention of David Morgenstern. Although paragraph 28 mentions David Morgenstern as receiving money from Womack and paragraph 29 suggests David Morgenstern received funds from Fred Morgenstern, there are no facts which support that David Morgenstern was an organizer or leader of any criminal activity. Paragraph 31 discusses money being used for personal expenses by David Morgenstern. Paragraph 50 discusses David Morgenstern and check cashing stores. However, David Morgenstern had no involvement with the check cashing stores that was Fred Morgenstern. Paragraph 57 again repeats that David Morgenstern is responsible for $35,000,000.00 in laundered proceeds. There is simply no evidence to support a role adjustment in this case.

2. <u>Defendant should receive adjustment for acceptance of responsibility</u>. Paragraph 90 of the PSI report fails to provide a three level reduction for acceptance of responsibility. Defendant entered a plea of guilty pursuant to a plea agreement with the government. Defendant has complied with the plea agreement. Moreover, defendant has cooperated with the authorities in South Carolina, the Justice Department's forfeiture division in Washington and the United States Attorney's office in Fort Lauderdale. Defendant has given all information requested regarding his criminal activities. The defendant's recent arrest for domestic battery is completely unrelated alleged criminal conduct. The circumstances of the domestic battery as indicated in paragraph 98 of the PSI report reveal a dysfunctional family. The sentencing court should not use conduct unrelated to the offenses for which the defendant is being sentenced. The defendant is currently charged in county court in Palm Beach County. It is unknown whether the charges will be

filed by the State and is certainly unknown whether the charges will be sustained. The defendant is presumed innocent balancing the three level reduction with the defendant's alleged misconduct disallowing the request is far too heavy of a sanction for the defendant's alleged battery.

Defendant has already made partial restitution in this case. Defendant agreed to a restitution order in the amount of $31,273,273.58. Defendant has already repatriated $17,769,346.22 to the receiver in South Carolina. This is far more than any other defendant has made available to the receiver in this entire case. Defendant was interviewed by the forfeiture division of the United States Attorney's office. Defendant has offered to make available any funds which he may assist in locating to be returned to the receiver. Accordingly, the defendant should receive the acceptance of responsibility in light of all the facts and circumstances surrounding the plea in this case.

4. Defendant's base offense level should be 30. There should be a 3 level adjustment for acceptance of responsibility placing the defendant's total offense level at 27 and a criminal history category of 2, thus the guideline imprisonment range should be corrected to 78 to 97 months.

**WHEREFORE**, the defendant respectfully moves the Court to make the above corrections to the PSI report.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Assistant United States Attorneys Brian McCormick, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394, and Frances Weisberg, U.S. Probation Officer, 505 South 2nd Street, Suite 320, Fort Pierce, Florida 34950-1505, on this 11 day of July, 2002.

Respectfully submitted,

**SCOTT W. SAKIN, P.A.**
CJA Counsel for Defendant
1411 N.W. North River Drive
Miami, Florida 33125
Tel: (305) 545-0007

By: _____
SCOTT W. SAKIN
Florida Bar № 349089