UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,         CASE NO. 00-6309-CR-DIMITROULEAS

    Plaintiff,

vs.

FRED MORGENSTERN and
DAVID MORGENSTERN,

    Defendants.
_____/

NIGHT BOX FILED
JAN 3 0 2003
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### PRO SE APPEARANCE BY DEFENDANTS' DAVID AND FRED MORGENSTERN HAVING A JOINT MOTION FOR THE APPOINTMENT OF RESPECTIVE NEW COUNSEL FOR EACH

Defendants **FRED MORGENSTERN** and **DAVID MORGENSTERN**, appearing by necessity *pro se* as each are not represented by Counsel, hereby move this Honorable Court to appoint respective new CJA Counsels for them as the result of an Order Setting Status Conference for Case No. 00-6309-CR-DIMITROULEAS, by the Honorable William P. Dimitrouleas, United States District Judge on January 22, 2003, for January 31, 2003 at 9:45AM. With respect and humility before this Honorable Court, having no counsel to represent them at such Status Conference, and in support thereof state the following:

1. On January 21, 2003, the Honorable Judge G. Ross Anderson, Jr., United States District Court for the Southern District of South Carolina, Greenville Division, ordered *ex parte* as to the prosecution, specifically as the result of receiving a certain letter dated January 17, 2003, from David C. Stephens with regards to Cases No. 8:02-712-CR (SDF No. 02-60101-CR-WPD) and No. 8:02-714-CR (SDF No. 00-6309-CR-WPD), with respect to Defendant Fred Morgenstern, and as to Cases No. 8:02-713-CR (SDF No. 02-60100-CR-WPD) and No. 8:02-715-CR (SDF No. 00-6309-CR-WPD), with respect to Defendant David Morgenstern, where the content of such letter was cited as the Court's finding of fact, adopted by the Court as "factual statements." This order is attached hereto as Exhibit "A."

1



2. With regards to this Honorable Court's Order Setting Status Conference, dated January 22, 2003, Case No. 00-6309-CR-WPD, it states that there is a "need" for both Defendants to be present, yet if it were not for Mr. Scott W. Sakin, who served as the CJA Counsel for David Morgenstern prior to this Case being closed in Florida (see Exhibit "B" Mr. Sakin's July 17, 2002 letter and subsequent January 23, 2003 letter, which was preceded by a phone call from Mr. Sakin on Jaanury 24, 2003, as made by him to Defendant David Morgenstern, where Mr. Sakin pointed out in his own words that such call was being made "merely as a courtesy, as I (that is, Mr. Sakin) am not your attorney in this matter," Defendant David Morgenstern would have no notice of the Status Conference. Further, Defendant Fred Morgenstern, if it were not for David Morgenstern informing him of this matter, would have no awareness of the proceedings specifics as his former attorney, William Norris who was provided copies of the Order by this Court, did not contact Fred Morgenstern as to any specifics or advice and in fact, Fred Morgenstern did not expect such a call as Mr. Norris no longer represents him.

3. In this Honorable Court's Order Setting Status Conference, there is no mention of either Case No. 8:02-712-CR (SDF No. 02-60101-CR-WPD) or Case No. 8:02-713-CR (SDF No. 02-60100-CR-WPD) and as such, no notices of any status conference with respect to these cases has been issued or received by anyone.

4. Even with these above matters stated, the South Florida cases were transferred to the Federal District Court in South Carolina beginning mid May 2002 but apparently finally resolved on or about July 9, 2002 by being accepted by that Court. The south Florida Cases were given the respective new case numbers pursuant to a motion filed in accordance with Rule 20 Federal Rules of Criminal Procedure by the Assistant U.S. Attorney Brain McCormick. The Florida cases were thereafter summarily closed. It is confusing to the Defendants how these

closed cases can now be reopened and without Counsel, neither of us have adequate understandings of the circumstances as they have developed.

5.  Both of us as defendants were earnestly engaged in cooperative efforts with the government under reasonable expectations provided by them. Both of us had produced results for the government in varying degrees, as this process was underway, barely started in some matters, well along in others, and such cooperation was considered substantial. For instance, both of us initiated our cooperation as far back as January 2000, ten months prior to being indicted in this case and have attempted in every manner since to take responsibility and to serve the government as we could and it is our fervent hope to continue that dialog and opportunity for reasons of accomplishing a reduction of sentencing.

6.  Notwithstanding the confusion created with respect to South Carolina District accepting the Rule 20 transfer and now, as the result of an *ex parte* letter from David Stephens causing the cases to be sent back to this Honorable Court *ex parte*, the Defendants have not been given the opportunity to present that the Court's finding of fact was based upon materially erroneous statements and significant omissions of fact that could only serve to prejudice the Court towards issuing its Order. One area alone of material omission in the Stephen's letter is that Judge G. Ross Anderson granted Defendant David Morgenstern in September 2002, new CJA Counsel in all the matters before that honorable Court, for reasons that the Defendant's former CJA counsel was ruled inadequate, with regards to all the cases as accepted by that Court from the South Florida Court under Rule 20. The Defendant's relationship with new counsel in South Carolina was particularly productive and competent, and has separated a relationship through *ex parte* filing of Prosecutor David Stephens and the resulting subsequent Court Order.

7. Because the CJA appointed counsels in South Florida for the both of us were immediately vacated by that Court's Order, the Defendants have been without representation of counsel in the matters before this Honorable Court since January 22, 2003, and remain without Counsel. The Defendants therefore pray to the Honorable Court to uphold their Sixth Amendment and other rights under the law where such rights are now severely compromised as a result of the sudden *ex parte* moving of the jurisdiction of these cases in a manner as to interfere with any opportunity to retain established relationships with counsel or to have or create any new and competent relationships prior to these or other proceedings. Due to these circumstances, among possibly others not known to either Defendant since they have no representation by Counsel, Defendants humbly request appointment and representation by Counsel for these January 31, 2003 Status Conference proceedings and beyond.

BASIS FOR MOTION

We, the Defendants attach Exhibit C hereto from www.findlaw.com having no representation by counsels to help us be prepared for the January 31, 2003 Status Conference. We file this Motion knowing of no other way for these matters to be brought before this Honorable Court. We respectfully pray afresh that this Honorable Court overlook any deficiencies in this Motion, to forgive us if any aspect that it may not be in proper form as this motion is being necessitated as *pro se*. We respectfully pray the Court grant us the relief we seek, and have new CJA Counsels appointed prior to any further proceeding with all operative and proper notices received thereof as provided for and governed by the Local Rules of this Honorable Court. It is our understanding that those applicable under Fed. Rules of Criminal Procedure, Section 32.4 among others, and in accordance with rights accorded Defendants under Amendment VI to the Constitution of the United States of America are applicable.

January 31, 2003
Fort Lauderdale, Florida

4

_____
Fred Morgenstern, Pro Se
1400 N.W. 15th Court #205
Boca Raton, Fl. 33486

_____
David Morgenstern, Pro Se
7534 Estrella Circle
Boca Raton, Fl. 33433

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of this Motion was filed Clerk of Courts, and hand-delivered to Brian McCormick, Esq., and if appropriate, to Judge William J. Dimitrouleas, on this the 31st day of January 2003.

**Respectfully Submitted,**
**January 31, 2003**
**Fort Lauderdale, Florida**

_____
Fred Morgenstern, Pro Se
1400 N.W. 15th Court #205
**Boca Raton, Fl. 33486**

_____
David Morgenstern, Pro Se
7534 Estrella Circle
**Boca Raton, Fl. 33433**

5

Exhibit "A" - 5 pages
Order from the Honorable G. Ross Anderson
including David Stephens ex parte letter.

▇▇▇▇▇▇▇▇▇▇

David Morgenstern    8:02-cr-00713 12 pty
7534 Estrella Circle
Boca Raton, Fl  33433

---------------------

8:02-cr-00713 #12       pbri
4 page(s).
01/21/03

---------------------

Control #: CV-ps-grn-cl-256-30915

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

FILED

JAN 2 1 2003

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| United States of America | ) | ORDER |
| --- | --- | --- |
| vs. | ) | Cr. No. 8:02-712 17 |
| | ) | (SDF No. 02-60101-Cr-WPD) |
| Fred Morgenstern, | ) | |
| | ) | Cr. No. 8:02-714 8 |
| Defendant. | ) | (SDF No. 00-6309-Cr-WPD) |

| United States of America | ) | ORDER |
| --- | --- | --- |
| vs. | ) | Cr. No. 8:02-713 |
| | ) | (SDF No. 02-60100-Cr-WPD) |
| David Morgenstern, | ) | |
| | ) | Cr. No. 8:02-715 |
| Defendant. | ) | (SDF No. 00-6309-Cr-WPD) |

After reviewing the attached letter from Assistant United States Attorney David C. Stephens dated January 17, 2003, regarding the above defendants, Fred Morgenstern and David Morgenstern, it appears that it would be in the interest of judicial economy and in the interest of justice that the above cases be returned to The Honorable William P. Dimitrouleas, United States District Judge, Southern District of Florida.

The court adopts the factual statements contained in the aforementioned letter of AUSA David C. Stephens as its findings of fact.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
January 21, 2002





U.S. Department of Justice

*United States Attorney*

*District of South Carolina*

| First Union Building<br>Suite 500<br>1441 Main Street<br>Columbia, SC 29201<br>(803) 929-3000<br>FAX (803) 254-1913 | 151 Meeting Street<br>Suite 200<br>Post Office Box 978<br>Charleston, SC 29402<br>(843) 727-4381<br>FAX (843) 727-4443 | John L. McMillan Federal<br>Building, Room 222<br>401 W. Evans Street<br>Post Office Box 1567<br>Florence, SC 29503<br>(843) 665-6688<br>FAX (843) 678-8809 | 105 N Spring Street<br>Suite 200<br>Post Office Box 10067<br>Greenville, SC 29603<br>(864) 282-2100<br>FAX (864) 233-3158 |

Reply to: Greenville

January 17, 2003

The Honorable G. Ross Anderson, Jr.
United States District Judge
District of South Carolina
Post Office Box 2147
Anderson, South Carolina 29622

Re: United States v. David Morgenstern
    United States v. Fred Morgenstern

Dear Judge Anderson:

    In May 2002, I requested that you agree to sentence David and Fred Morgenstern pursuant to Rule 20, F.R.Cr.P. on charges to which they were pleading guilty in the Southern District of Florida. At that time, both Morgensterns were under Indictment there and David Morgenstern was under Indictment on a related case in this District. My understanding at that time was that David Morgenstern was going to cooperate and plead guilty on the South Carolina charge as well and a consolidated sentencing seemed appropriate. During that time frame, Fred Morgenstern had been incarcerated by you for contempt of court, and we anticipated that he would be in custody here at time of sentencing so it seemed equally logical to agree to sentence him here as well.

    When I asked you to agree to accept these sentencings I anticipated that, as is the norm with a cooperating defendant, sentencing would be a very simple, uncontested matter. I likewise anticipated no appellate issues which would occupy the time of our Court of Appeals. Due to several events that have occurred, it is clear that far more judicial resources may be called for than I had anticipated.

    Both David and Fred Morgenstern entered their pleas of guilty before District Judge William P. Dimitrouleas on May 21, 2002. During the plea colloquy, Judge Dimitrouleas agreed to sentencing being handled in South Carolina, but made it clear that should such not occur that the case would come back to him and that the Morgensterns



The Honorable G. Ross Anderson, Jr.
Page 2
January 17, 2003

could not withdraw their pleas of guilty. Thereafter, Judge Dimitrouleas presided over a two week trial of their co-defendant Joseph Silvestri.

After David Morgenstern entered his plea in Florida, he came to South Carolina and F.B.I. Special Agent Paul Jacobs and I began to interview him under a proffer agreement. At the beginning of the interview, we were concerned with several statements Mr. Morgenstern made about his understanding of how his sentencing would work. Of particular concern was his statement that I would be the person to decide if a U.S.S.G. Section 5K1.1 Motion would be made regarding the Florida case. I advised him that such a decision would be made by the prosecutors in Florida, however, I would advise them of any help he gave me. Mr. Morgenstern seemed disconcerted about this but proceeded with the interview and gave us a good deal of information.

During the course of our interview I told Mr. Morgenstern that in order to save him the expense of another trip to South Carolina I would try and schedule his guilty plea for the next day. At this point, Mr. Morgenstern became quite upset and informed us that he was not guilty, did not plan to plead guilty and wanted a trial. He then made numerous accusations about everyone involved in the case and how he had been misled. He also accused S/A Jacobs and me of trying to get him to perjure himself. At this point, we ended the interview. Based upon these events, I no longer consider Mr. Morgenstern to be a potential witness for the Government, even should he plead guilty.

David Morgenstern has, through his Florida attorney, lodged two objections to the Presentence Report. Both of these objections are fact specific and a ruling on them will have a dramatic impact on his guideline range. Further, based upon certain statements Mr. Morgenstern made during his aborted debriefing, I expect that he will have other objections at sentencing. In order to properly address the factual matters at sentencing, fact witnesses may have to come from Florida. Also, the Court will either have to bear the expense for transportation of the appointed lawyer from Florida or pay the expense of local counsel who will need a good deal of time to become familiar with the details of the Florida case.

Another issue that has come to the fore is that of forfeiture in connection with the Florida case. It is my understanding that Mr. Morgenstern is contesting the forfeiture of his home in Florida and that this will have to be litigated in connection with his sentencing.

Clearly there are issues here that may result in appeals to our Court of Appeals.

Fred Morgenstern has raised no objections to the Presentence Report, however, I would anticipate that the same two issues raised by David will be raised by Fred with the same problems. Further, Fred is no longer incarcerated, so that reason for handling his



The Honorable G. Ross Anderson, Jr.
Page 3
January 17, 2003

sentencing here no longer exists. Finally, as it seemed logical to me to sentence Fred here with David, it seems logical to keep them together for sentencing now.

I believe that the logic for sentencing David and Fred here on their Florida case no longer exists and I foresee a drain on judicial and other resources that I did not see when I asked that you accommodate us on this. Therefore, I would respectfully suggest that transferring the cases back to Florida would be appropriate.

I do appreciate your attention to this matter.

With best regards, I remain

           Sincerely yours,

           J. STROM THURMOND, JR.
           United States Attorney

           By: _____
           DAVID C. STEPHENS
           Assistant United States Attorney

cc: Hon. William P. Dimitrouleas      William Norris, Esq.
    Judge of the District Court      Miami, Florida
    Southern District of Florida      Attorney for Fred Morgenstern

    J. Brian McCormick      Douglas Richardson, Esq.
    Assistant United States Attorney      Pickens, South Carolina
    Southern District of Florida      Attorney for Fred Morgenstern

    James R. Pavlock      Jessica Salvini, Esq.
    Senior Trial Attorney      Greenville, South Carolina
    U. S. Department of Justice      Attorney for David Morgenstern

    Scott Sakin, Esq.      Clerk of Court
    Miami, Florida      Southern District of Florida
    Attorney for David Morgenstern      Fort Lauderdale Division
                                          Fort Lauderdale, Florida

    Clerk of Court
    District of South Carolina
    Greenville, South Carolina



EXHIBIT "B" - 3 PAGES
  SCOTT W. SAKIN JULY 17, 2002 LETTER
  SCOTT W. SAKIN - MAILED ORDER OF STATUS
              HEARING - AS A COURTESY -
          TO DAVID MORGENSTERN —
       (SEE POST-IT NOTE - JAN 23, 03)
         LAST PAGE.

LAW OFFICES
# SCOTT W. SAKIN
PROFESSIONAL ASSOCIATION

SCOTT W. SAKIN*
MARJORIE SAKIN

*BOARD CERTIFIED
CRIMINAL TRIAL ATTORNEY

1411 N.W. NORTH RIVER DRIVE
MIAMI, FLORIDA 33125

TELEPHONE (305) 545-0007

July 17, 2002

David Morgenstern
7534 Estrella Circle
Boca Raton, Florida

Dear David:

On July 17, 2002, I spoke with U.S. Probation Officer Francis Weisberg who advised me that the Rule 20 went through. She further stated, that although she received the objections to the PSI which I had filed on your behalf, she will not be forwarding the addendum nor any other correspondence to me regarding your case as the case is closed in Florida. You should contact your attorney in South Carolina immediately.

Also be advised that the August 1st sentencing before Judge Dimitrouleas will be canceled. Should you have any questions feel free to contact me.

Very truly yours,

SCOTT W. SAKIN

SWS/ade

DAVID.L12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    CASE NO. 00-6309-CR-DIMITROULEAS

    Plaintiff,

vs.

FRED MORGENSTERN and
DAVID MORGENSTERN,

    Defendants.
_____/

### ORDER SETTING STATUS CONFERENCE

THIS CAUSE having come before the Court on the Court's own motion and upon receipt of Judge Anderson's January 21, 2003 order returning this case for sentencing, the court sets a status conference for <u>January 31, 2003 at 9:45 A.M.</u> Both defendants need to be present at this status conference.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day January 22, 2003.

    WILLIAM P. DIMITROULEAS
    United States District Judge

Copies furnished to:

William Norris, Esquire
7685 S.W. 104th Street, #220
Miami, FL 33156

1



Scott William Sakin, Esquire
1411 N.W. North River Drive
Miami, FL 33125

J. Brian McCormick, AUSA

1-23-03

DAVID — PLEASE CALL SCOTT SAKIN AT 305 545 0007 TO CONFIRM RECEIPT OF NOTICE.

(SWS)

2

Exhibit C: *As extracted from: www. findlaw.com*

(Note: The numbers in the text below are links to reference material on the website.)

"[T]he right to counsel is the right to the effective assistance of counsel." 233 From the beginning of the cases holding that counsel must be appointed for defendants unable to afford to retain a lawyer, the Court has indicated that appointment must be made in a manner that affords "effective aid in the preparation and trial of the case." 234 Of course, the government must not interfere with representation, either through the manner of appointment or through the imposition of restrictions upon appointed or retained counsel that would impede his ability fairly to provide a defense, 235 but the Sixth Amendment goes further than that. "The right to counsel prevents the States from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance." 236 That is, a criminal trial initiated and conducted by government is state action which may be so fundamentally unfair that no conviction obtained thereby may be allowed to stand, irrespective of the possible fact that government did nothing itself to bring about the unfairness. Thus, ineffective assistance provided by retained counsel provides a basis for finding a Sixth Amendment denial in a trial. 237

The trial judge must not only refrain from creating a situation of ineffective assistance, but may well be obligated under certain circumstances to inquire whether defendant's counsel, because of a possible conflict of interest or otherwise, is rendering or may render ineffective assistance. 238 A much more difficult issue is presented when a defendant on appeal or in a collateral proceeding alleges that his counsel was incompetent or was not competent enough to provide effective assistance. While the Court touched on the question in 1970, 239 it was not until 1984, in Strickland v. Washington, 240 that the Court articulated a general test for ineffective assistance of counsel in criminal trials and in capital sentencing proceedings. 241

There are two components to the test: deficient attorney performance and resulting prejudice to the defense so serious as to bring the outcome of the proceeding into question. Although the gauge of effective attorney performance is an objective standard of reasonableness, the Court concluded that "[j]udicial scrutiny of counsel's performance must be highly deferential." Strategic choices made after thorough investigation of relevant law and facts are "virtually unchallengeable," as are "reasonable" decisions making investigation unnecessary. 242 In order to establish prejudice resulting from attorney error, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 243 In Strickland, neither part of the test was satisfied. The attorney's decision to forego character and psychological evidence in the capital sentencing proceeding in order to avoid evidence of the defendant's criminal history was deemed "the result of reasonable professional judgment," and prejudice could not be shown because "the overwhelming aggravating factors" outweighed whatever evidence of good character could have been presented. 244 In Lockhart v. Fretwell, Supp.6 the Court refined the Strickland test to require that not only would a different trial result be probable because of attorney performance, but that the trial result which did occur was fundamentally unfair or unreliable. Supp.7

There are times when prejudice may be presumed, i.e. there can be "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 246 These situations include actual or constructive denial of counsel, and denial of such basics as the right to effective cross-examination. However, "[a]part from circumstances of that magnitude . . . there is generally no basis for finding a Sixth Amendment violation unless the accused can show [prejudice]." 247

1