UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA

      PLAINTIFF,

VS.

DAVID MORGANSTERN,

      DEFENDANT,
_____/



### OBJECTION TO GOVERNMENT'S MOTION TO REINSTATE CONDITIONS OF BOND PENDING SENTENCING

    COMES NOW the Defendant, DAVID MORGANSTERN, by and through his undersigned attorney and files this his Objection to Government's Motion to Reinstate Conditions of Bond Pending Sentencing and would state unto the Court as follows:

    1. The May 21, 2002 the defendant entered a guilty plea to count 14 of the indictment and a separate information.

    2. During the period from the initial appearance to this time certain bond conditions have been imposed and removed by the Court as a result of change in circumstances. Those changes are based upon the defendant's medical condition his actions and a Rule20 removal to South Carolina. Those special bond conditions as the stand now were deleted by the District Court. This action was completed on or after July 26, 2002 in South Carolina.

    3. It would appear that the Court in South Carolina had all information before it



when it decided to remove the special conditions. That being the case, the government has not shown good reason to come at this late date and attempt to impose conditions that are based on stale evidence.

4. The issue of the E-Bay sales violation which resulted in a twenty-four (24) hour at Dismas(sp?) House was removed with the government's approval and agreement. There has been no further showing by the government that the defendant has continued to be involved in such activity.

5. The government also is attempting to use a June 20, 2002 arrest for domestic battery-2 counts as a means to modify the condition of bond. The Court held a hearing on the petition by Pretrial Services on July 2, 2002 to revoke bond based on that arrest. The Court refused to do so at that time. The domestic battery as the name implies is a result of a family matter that manifested itself because of the pressure that this matter has caused. The defendant with the consent of the State Attorney's Office who runs the program has been placed in a diversion program where he is receiving counseling. He continues to receive that help and it appears that once the program is completed the State will mostly recommend dismissal of the charges.

6. The government has waited until February 3, 2003 to file the Motion to Modify Bond, almost seven (7) months after the incident.

7. The government has not brought before this Court any current evidence that the defendant has not abided by the conditions that have been imposed by the Court in South Carolina or that he is currently in violation of any conditions imposed by the Court.

8. The defendant in presently set for sentencing on April 18, 2003 and to impose

more stringent conditions now while he is attempting to finalize and prepare for sentencing and incarceration would impede that preparation.

WHEREFORE the Defendant prays that the Honorable Court deny the government's request to place the defendant on twenty-four hour house arrest with an electronic bracelet.

        Respectfully submitted,

        LAW OFFICES OF BRIAN R. MCCOMB, PA
        3458 S.E.DIXIE HIGHWAY
        STUART, FLORIDA 34997-5712
        (772) 781-0069 FAX 223-0121

I HEREBY CERTIFY that a true and correct copy of this Pleading was mailed to Assistant United States Attorneys, Diana Fernandez and J. Brian McCormick, at the United States Attorney's Office 500 East Broward Blvd. Suite 700 Ft. Lauderdale, Florida 33394 this the 11th day of February 2003.

_/s/ Brian R. McComb_
BRIAN R. MCCOMB FBN 174866