UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID MORGENSTERN,

    Defendant.

_____/

CASE NO.  00-6309-CR-DIMITROULEAS
02-60101-CR-DIMITROULEAS

## O R D E R

THIS CAUSE having been heard upon Defendant's March 14, 2003 Motion to Withdraw Plea [DE-1301] and the Court having considered Defendant's eighty-three (83) page affidavit[1], [DE-1302] and the court having reviewed the court file and the May 21, 2002 transcript of the change of plea, [DE-1050][2], finds as follows:

1. On October 24, 2000, the Defendant was indicted in 00-6309. [DE-3]. On October 30, 2000 Bruce Udolf entered a temporary appearance on behalf of the Defendant. [DE-403, p. 2]. On November 6, 2000, the Defendant requested more time to retain counsel. [DE-203]. On November 13, 2000, the arraignment was reset to November 27, 2000. [DE-222]. On November 27, 2000, the Defendant again requested more time to retain counsel. [DE-249]. On December 11, 2000, the Defendant requested further time to obtain counsel. [DE-262]. On December 15, 2000, the Defendant requested court-appointed counsel. [DE-273].

---

[1]Although the Defendant's signature is notarized, the jurat is insufficient to warrant this statement being considered to be an affidavit.

[2]Unless otherwise indicated docket entries [DE] refer to case 00-6309-CR.

1



2. On December 20, 2000, Ana Jhones was appointed to represent the Defendant. [DE-286] and [DE-307]. The notice of appearance was filed on January 9, 2001. [DE-299].

3. On January 30, 2001, a superceding indictment was returned. [DE-318]. On February 6, 2001, the Defendant's arraignment was reset to February 12, 2001. [DE-326]. On February 9, 2001, the trial was set for February 11, 2002. [DE-347]. An authorization to purchase discovery was entered on April 19, 2001. [DE-407]. On August 14, 2001 a second superceding indictment was returned. [DE-517].

4. On December 3, 2001, Scott Sakin was appointed to represent the Defendant. [DE-761].

5. On January 24, 2002, Sakin filed a Motion to Continue the Trial. [DE-826]. The trial was continued until May 6, 2002.

6. On March 5, 2002, Judge Seitz transferred this case to the undersigned. [DE-891]. On April 23, 2002, the Defendant filed a pro se motion to continue the trial. [DE-956]. On May 2, 2002 a continuance was granted until May 20, 2002. [DE-971].

7. On May 21, 2002, the Defendant pled guilty to count fourteen (14) of the superceding indictment and an information 02-60101-CR. [DE-997], pursuant to a plea agreement. [DE-998]. On May 22, 2002, trial commenced on Co-Defendant Joseph Silvestri [DE-1001]. On June 6, 2002, after a nine (9) day trial, Silvestri was convicted. [DE-1039]. On June 11, 2002, after the parties agreed to waive the trial on the forfeiture count, the jury was released. [DE-1040].

8. On June 19, 2002, pursuant to Rule 20, the Defendant consented to a transfer of these cases to South Carolina and the clerk transferred the case for sentencing to the District of South Carolina.

2

9. On January 21, 2003, the District of South Carolina transferred these cases back to this district. [DE-1238 and DE-1263]. On February 4, 2003, the Court granted Defendant's request to appoint new counsel. [DE-1256].

10. Sentencing is now set for April 18, 2003 at 9:15 A.M. [DE-1257].

11. Defendant is now asking to withdraw his plea because he did not receive effective assistance of counsel from Mr. Sakin.

12. The Defendant claims that he was coerced into pleading guilty. A coerced plea is a fair and just reason to withdraw a plea. U.S. v. Gwiazdzinski, 141 F. 3d 784, 787-88 (7th Cir.), cert. denied, 119 S. Ct. 186 (1998). However, a defense counsel's blunt rendering of an honest, but negative assessment of the Defendant's chances at trial, combined with advice to plead guilty does not constitute coercion. U.S. v. Juncal, 245 F. 3d 166, 172-73 (2d Cir. 2001). The Defendant also complains that his case was returned from South Carolina. However, he never had an absolute right to be sentenced in South Carolina on these Florida charges. Moreover, Rule 20(c), Federal Rules of Criminal Procedure contemplates a return to Florida because of a not guilty plea. The Defendant's motion to withdraw plea is now the functional equivalent of a not guilty plea.

13. Pursuant to Rule 32(e), Federal Rules of Criminal Procedure, a plea may be withdrawn before sentencing if a fair and just reason is shown. In determining whether a defendant has shown a fair and just reason, a district court should evaluate the totality of the circumstances, including (1) whether close assistance of counsel was available, (2) whether the plea was knowing and voluntary, (3) whether judicial resources would be conserved, and (4) whether the government would be prejudiced if the Defendant were allowed to withdraw his plea.

3

U.S. v. Najjar, 283 F. 3d 1306, 1309 (11th Cir.), cert. denied, 123 S. Ct. 108 (2002); U.S. v. Buckles, 843 F. 3d 469, 471 (11th Cir. 1988), cert. denied, 109 S. Ct. 2450 (1989).  This portion of Rule 32 is to be liberally construed, but there is no absolute right to the withdrawal of a guilty plea before sentencing.  U.S. v. Weaver, 275 F. 3d 1320, 1328 (11th Cir. 2001), cert. denied, 122 S. Ct. 2666 (2002).  The good faith, credibility and weight of a defendant's assertions in support of a motion under Rule 32 are issues for the court to decide.  Buckles at 472.

14.  A review of the plea colloquy [DE-1050] reveals the following:

A.  The Defendant stated he was pleading guilty (pages 3-4, 11, 23, 39 and 73) and throwing himself on the mercy of the court (pages 3-4, 11, 23 and 39).  He stated he was pleading guilty because he was guilty.  (page 47).  He admitted to committing the acts in the two charges.  (page 70).  He knew that by pleading guilty he was giving up all defenses.  (page 70).

B.  The Defendant fully understood what was going on.  (page 73).  There was nothing that prevented him from understanding the plea.  (page 45).  He was not under the influence of drugs or intoxicants.  (pages 44-45).  He understood the Court.  (page 45).  He was in full possession of his faculties.  (page 45).  He was OK to make this important decision.  (page 44).  He did not need any more time (pages 47-48).  He had no questions.  (page 74).  No promises were made to him (pages 22, 46, 50-51).  There were no other aspects of the plea negotiations (pages 39-40).  He made a decision that he was willing to live with (pages 62-63).  Consequently, the Court found him to be alert and intelligent and that he freely and voluntarily entered his plea of guilty.  (pages 72-74).

C.  The Defendant waived any complaint about his case not going to South Carolina.  (page 4).  The defendant was told that if the South Carolina judge did not want to take

this case, that the sentencing would be done by the undersigned. (pages 5, 19, 21). The Court told the defendant that if he was not sentenced in South Carolina that it would not be a ground to withdraw his plea. (pages 5, 11). He was told that these pleas were not contingent on other pleas occurring in South Carolina. (pages 11-12). He was told that the case was closed, only sentencing was left. (page 12). He understood that the negotiations could break down, not due to his fault, but due to the South Carolina prosecutor's scuttling the negotiations. (page 20). Because the South Carolina judge could have initially rejected the transfer and the case would have remained in Florida for sentencing, the Defendant can show no prejudice in the South Carolina judge initially accepting than later returning the case to Florida for sentencing.

D. The Defendant stated that he did not need any more time to talk with his lawyer. (pages 47-48). He stated that he had patched up any differences with Mr. Sakin, that he was okay with him and that they had no problem. (page 73). He was making a decision that he was willing to live by and realized he could not later complain that his lawyer was no good. (pages 62-63). He realized he was not giving his lawyer a chance to finish any investigation. (page 63). He was giving up any and all defenses, including giving up his argument that Mr. Sakin was not ready for trial. (pages 71-72). He was giving up his right on appeal to say that the undersigned was not fair. (page 61). The Defendant was told that there would be no wiggling out of the plea later if the Court were satisfied that the decision to plead guilty was made freely and voluntarily. (page 6). At the end of the colloquy, the Defendant declined an opportunity to say anything else. (pages 76-77).

15. There is nothing in the record to indicate that the Defendant did not understand his rights. U.S. v. Goodwin, 202 F. 3d 969, 972 (7th Cir.), cert. denied, 120 S. Ct. 2023 (2000).

There is no serious contention that the Defendant is innocent of this crime. <u>U.S. v. Nagra</u>, 147 F. 3d 875, 880 (9th Cir. 1998).

16. The Defendant ought to be bound by the answers given to this Court. <u>U.S. v. Alegria</u>, 192 F. 3d 179, 186 (1st Cir. 1999); <u>U.S. v. Torres</u>, 129 F. 3d 710, 716 (2d Cir. 1997); <u>U.S. v. Schuh</u>, 289 F. 3d 968, 975 (7th Cir. 2002).

17. There is no showing that the Defendant would have prevailed had he gone to trial. <u>U.S. v. Gray</u>, 182 F. 3d 762, 767 (10th Cir. 1999).

18. The real question is whether the Defendant's plea was made voluntarily, knowing and intelligently. <u>U.S. v. Chubbuck</u>, 252 F. 3d 1300, 1302 (11th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1360 (2002). The Court made that finding. Nothing has caused the Court to change that conclusion. A guilty plea is a solemn act that should not be set aside lightly. <u>U.S. v. Embrey</u>, 250 F. 3d 1181, 1183 (8th Cir. 2001).

19. The Court must consider four (4) factors in deciding whether there was a fair and just reason to withdraw a plea:

A. Effective assistance of counsel was available. The Defendant has not shown that had Mr. Sakin been more prepared that he would have gone to trial. <u>St. Pierre v. Walls</u>, 297 F. 3d 617, 628 (7th Cir. 2002).

B. The plea colloquy shows the plea was knowingly and voluntarily made.

C. Judicial resources would be wasted. The Court was ready to try the Defendant along with Co-Defendant Silvestri. Silvestri's trial lasted nine (9) days, the Court would have tried the Defendant's trial at the same time.

D. The Court has no reason to believe that the Government would or would not

6

be prejudiced. However, the Government objected to the Court's delaying the proceedings to facilitate this motion being filed. The Court can only assume that the ten (10) month delay from the plea to the motion to withdraw the plea has not strengthened the Government's case.

Wherefore, Defendant's Motion to Withdraw Plea is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of March, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Brian McComb, Esquire
3458 S.E. Dixie Highway
Stuart, Florida 34997

Diana Fernandez, AUSA

7

# NOTICE TO ATTORNEYS AND LITIGANTS

Please be advised that effective Tuesday, February 5, 2003, Judge Dimitrouleas' office fully implemented and is utilizing the faxback program. The clerk's office scans each document and sends the document via telefax to all parties listed on the Court docket that have supplied the court with their fax number. In the event a party does not have a fax machine, the document is sent via U.S. Mail. If you have a fax machine but have not been receiving your orders via telefax, please complete the enclosed application and return it via fax or U.S. Mail to the Clerk's office. The faxback program alleviates the need to submit self-addressed postage paid envelopes. **Accordingly, until further notice, please submit the original motion, plus one copy with one copy of the order attached to the copy of the motion. The order must include a complete service list with the names and addresses of all parties. Thank you for your cooperation in this matter.**