UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID MORGENSTERN,

    Defendant.

_____/

CASE NO. 00-6309-CR-DIMITROULEAS
02-60101-CIV-DIMITROULEAS

## ORDER DENYING MOTION FOR SPECIFIC PERFORMANCE OF TERMS OF PLEA AGREEMENT

THIS CAUSE came before the Court on Defendant's April 16, 2003 Motion For Specific Performance of Terms of Plea Agreement, and the Court having considered the motion and having reviewed the change of plea transcript [DE-1050] and plea agreement [DE-998] and having heard argument of counsel on April 18, 2003 and being otherwise advised in the premises, it is hereby

ORDERED AND ADJUDGED

1. The Defendant's Motion for Specific Performance is Denied.

Paragraph 12 of the plea agreement reads as follows: "The government reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the government the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence required by the Sentencing guidelines, the government

1



may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending a reduction in sentence. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the government to file such a motion and that the government's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant."

Paragraph 13 of the plea agreement reads as follows: "The defendant understands and acknowledges that the Court is under no obligation to grant a government motion pursuant to Title 18, United States Code, 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 12 of this agreement, should the government exercise its discretion to file such a motion."

During the plea colloquy, the defendant was told that absent bad faith or unconstitutional grounds, the Court could not grant substantial assistance over the Government's objection. [DE-1050, p. 36-37]. No bad faith[1] or unconstitutional grounds[2] have been shown. Defendant's proffering how he assisted the Government is insufficient to make the government's refusal to file a substantial assistance motion reviewable. U.S. v. Lukse, 286 F. 3d 906, 912 (6th Cir. 2002). Moreover, a defendant can ruin his potential assistance by his post-plea actions. U.S. v. Nealy, 232 F. 3d at 831; U.S. v. Wolf, 270 F. 3d 1188, 1190 (8th Cir. 2001). Moreover, the Court also

---

[1]But see, U.S. v. Hawkins, 274 F. 3d 420, 428 (6th Cir. 2001), remanded, 285 F. 3d 1079 (6th cir. 2002) (only unconstitutional motives can be considered, not bad faith).

[2]U.S. v. Nealy, 232 F. 3d 825, 831 (11th Cir. 2000), cert. denied, 122 S. Ct. 552 (2001).

told the Defendant that even if the Government filed such a substantial assistance motion, that it would be persuasive, not controlling, on the Court, and that if the court did not do a downward departure, that it would not be grounds to withdraw a plea. [DE-1050, pp. 37-38]. Moreover, any proposed plea agreement in South Carolina, even if executed, is not binding on this court. Additionally, the Defendant is entitled to Jencks act materials after direct examination of any Government witness.

Wherefore, Defendant's Motion For Specific Performance is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of April, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Brian R. McComb (772)223-0121
Diana Fernandez (954)356-7230
Brian McCormick (954)356-7230
Michael J. Rosen (305)858-7299