UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,         )
                                  )
         Plaintiff,               )   Case Number
                                  )   00-6309-Cr-DIMITROULEAS
    v.                            )
                                  )
                                  )
DAVID MORGENSTERN,                )
                                  )
         Defendant.               )
_____)

GOVERNMENT'S REPLY TO DEFENDANT'S OBJECTION
TO GOVERNMENT'S MOTION TO AMEND FORFEITURE
ORDER AND INCORPORATED MEMORANDUM OF LAW

The United States of America, by its undersigned counsel, files this reply to defendant David Morgenstern's objection to the government's Motion to Amend the Order of Forfeiture (DE 1426).

The defendant objects to the entry of an amended forfeiture order by the Court in light of his notice of appeal to the Eleventh Circuit. Defendant, in stating that "until the Eleventh Circuit rules, the question of forfeiture remains open," suggests that the Court has no jurisdiction to amend the order or to other enforce the terms of the Judgment and Order of Forfeiture until the appeal is decided .[1]

It is well-settled that district courts retain authority to

_____

[1] The Judgment and Order of Forfeiture (DE-1382) was entered by the Court on May 7, 2003, without objection of the Defendant. In that order, the Court noted that it "shall retain jurisdiction in the case for the purpose of enforcing this Order." (p. 3 of the Order).



address forfeiture-related issues after an appeal is filed.  In *United States v. Hurley*, 63 F.3d 1 (1st Cir. 1995), appellant argued that the district court lacked jurisdiction to entered orders forfeiting substitute assets because appeals had already been taken.  The Court of Appeals stated that "we see no reason why the taking of the appeal should divest the district court of authority to enter an order forfeiting substitute property," *Hurley*, 63 F.3d at 23.  Other courts have come to the same conclusion. *See United States v. Messino*, 907 F. Supp. 1231 (N.D. Ill. 1995) (permitting forfeiture of assets pending appeal); *United States v. Saccocia*, 62 F. Supp. 2d 539 (D.R.I. 1999) (pendency of a direct appeal does not stay execution on a forfeiture judgment); *United States v. Voight*, 89 F.3d 1050 (3rd Cir. 1996) (same); *United States v. Christunas*, 126 F.3d 765 (6th Cir. 1997) (court retains jurisdiction to hear third-party claims despite defendant's appeal from preliminary order of forfeiture); *United States v. Hasson*, Case No. 99-8063-CR (S..D. Fla.) Johnson, J. (DE-773) (court retains authority to order forfeiture after appeal is filed).

Federal statutes related to forfeiture also contemplate the exercise of authority in forfeiture matters while an appeal may be pending. Fed. R. Crim. P. 32.2(d) (stays pending appeal); Fed. R. Crim. P. 32.2(e) (amending the order of forfeiture).  The Court retains jurisdiction to hear third-party claims in ancillary proceedings, and to enter restraining orders, appoint receivers,

dispose of assets, and take any other action to protect forfeited assets. 21 U.S.C. Section 853(n) and (g).

The government submits that there is ample authority in the case law and statutes for the Court to issue an amended forfeiture order prior to the disposition of the defendant's appeal. To find otherwise would defeat the purpose of the forfeiture statute, would render the Plea Agreement and Judgment and Order of Forfeiture unenforceable, and would enable the defendant to continue to prevent the government from locating and recovering concealed Chemical Trust fraud proceeds for the benefit of the victims. See *United States v. Hasson*, Case No. 99-8063-CR, (DE-773, at p. 11, Johnson, J.) ("to adopt (the defendant's) position would defeat the purpose of the forfeiture statute, render a forfeiture order meaningless, ineffective and unenforceable, and enable a defendant to dissipate assets at will until his appeal is resolved.").

In this case, there exists a significant risk that the defendant may jeopardize the availability of the Estrella Circle property for forfeiture while his appeal is pending.[2] The United States submits that the defendant here has little incentive to keep the subject property in good repair and to avoid the devaluation of the property, all to the detriment of the fraud victims.

---

[2] For example, during the pendency of the defendant's sentencing, a foreclosure action against the defendant's Estrella Circle property was brought by the property's homeowner's association because of the failure of the defendant to maintain payment of periodic dues.

3

CONCLUSION

WHEREFORE, for all of the above-stated reasons, the government respectfully requests that this Honorable Court grant the government's motion for an amended order of forfeiture.

Respectfully submitted,

MARCOS DANIEL JIMINEZ
UNITED STATES ATTORNEY

By: _____
J. Brian McCormick
Assistant United States Attorney
Court I.D. # A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Telephone: (954) 356-7392
Fax: (954) 356-7230

By: _____
Diana L. W. Fernandez
Assistant United States Attorney
Court I.D. # A5500017

By: _____
James R. Pavlock
Senior Trial Attorney
U.S. Department of Justice
Criminal Division
Court I.D. # A5500657

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed this 14th day of August, 2003, to:

Brian R. McComb, Esquire
3458 S.E. Dixie Highway
Stuart, FL 34997-5712
(Counsel for David Morgenstern)

J. BRIAN MCCORMICK
Assistant United States Attorney