UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff

v.

DAVID MORGENSTERN,

    Defendant
_____/

**MOTION TO ENJOIN TAX SALE**
**OF PROPERTY ORDERED FORFEITED**

    The UNITED STATES OF AMERICA, by its undersigned attorneys, pursuant to Title 21, United States Code, Section 853(g), moves for an Order enjoining Dorothy H. Wilken, Clerk of Circuit Court of Palm Beach County, Florida from conducting the tax sale, scheduled for February 25, 2004, of real property ordered forfeited by this Court in its preliminary Amended Order of Forfeiture, dated September 4, 2003. In support of its motion, the government submits the following:

    1. On October 26, 2000 the Defendant was charged in an Indictment with money laundering conspiracy (Title 18, United States Code, Section 1956(h)) and other violations arising out of the Defendant's role in laundering millions of dollars of fraud proceeds.

    2. On October 26, 2000, a Notice of Lis Pendens was filed



with the Clerk of Circuit Court of Palm Beach County, Florida, identifying the Defendant's home at 7534 Estrella Circle, Boca Raton, Florida (the "Subject Property"), as subject to forfeiture pursuant to Title 18, United States Code, Section 982.

3. Defendant David Morgensten (the "Defendant") pleaded guilty to money laundering conspiracy and on May 7, 2003, upon the sentencing of the Defendant, the Court entered a Judgment and Order of Forfeiture, imposing *inter alia* a money judgment against the Defendant in the amount of $31,273,273.58, which represented the amount of laundered fraud proceeds obtained by the Defendant.

4. On September 4, 2003, the Court entered an Amended Order of Forfeiture, forfeiting the Subject Property to the United States and extinguishing any rights the Defendant had in the Subject Property. The Court further ordered the United States to effect notice on all third parties known to have a legal interest in the property. The Court also found that the government had established that proceeds from fraudulent activity both paid for the mortgage on the Subject Property and a substantial part of the purchase price. Publication of the entry of the Amended Order of Forfeiture was made in the Broward Daily Business Review on September 26, 2003, and the government effected written notice on parties known at the time to have a potential legal interest in the property that they have the right to file third-party ancillary claims under

Title 21, United States Code, Section 853(n).[1]  A copy of the Amended Order was also recorded with the Clerk of Palm Beach County, Florida on November 20, 2003.

5.  In connection with its investigation of the Subject Property, a title search was conducted and various judgment creditors of the Defendant were identified.  In November, 2003 notice of the Amended Order was sent to all judgment creditors identified in the search of the records of Palm Beach County, Florida, similarly advising them of the right to file ancillary claims pursuant to Title 21, United States Code, Section 853(n).

6.  To date, no ancillary claims have been filed by anyone alleging an interest in the Subject Property, and it is the intention of the government to seek a Final Order of Forfeiture from the Court declaring clear title to the Subject Property in the United States.[2]  The government intends to sell the Subject Property (currently appraised at approximately $600,000) and

---

[1] At the time, the government notified the Defendant's wife, Victoria Morgenstern and the sham mortgagee, Commercial Capital Finance, of the entry of the Amended Order.  Niether has filed a claim.

[2] The government has been in negotiation two several homeowners' associations regarding the government's payment of several thousand dollars of delinquent assessments and dues on the Subject Property, and hopes to reach an agreement with these associations within the next several days, thereby obviating the need for those association to file ancillary claims.  Upon reaching those agreements, the government intends to file its motion for Final Order of Forfeiture.

forward the net proceeds of the sale to the court-appointed receiver in the related matter of <u>United States v. Virgil Womack</u>, District of South Carolina, which has already distributed over $24 million in recovered fraud proceeds to the victims. The receiver is awaiting recovery of the proceeds of the sale of the Subject Property to make a second and final distribution along with other funds not distributed in the first distribution two years ago. On or about January 27, 2004, the U.S. Marshals Service seized the Subject Property pursuant to the Amended Order, and is awaiting the entry of a Final Order of Forfeiture in order to undertake the sale of the property.

7. On or about January 12, 2004, the government received a copy of the attached "Notice of Application for Tax Deed," notifying the government that unless the tax certificate issued on the Subject Property is redeemed in the amount of $31,442.80, the Subject Property would be sold by the Clerk of Circuit Court of Palm Beach County at public auction. Delinquent real estate taxes exist on the Subject Property for tax years 2000, 2001, and 2002, and the redemption amount of $31,442.80. A copy of the Notice is attached as Exhibit 1.

8. In light of the government's intention to seek a Final Order of Forfeiture and sell the Subject Property for the benefit of the fraud victims, the government promptly contacted the Palm Beach County Tax Collector in an effort to effect a stipulation

postponing the scheduled tax sale. On January 22, 2004, the government also served a copy of the Amended Order to Pasquale Poston of the Tax Collector's Office, notifying the County of its right to file an ancillary claim in the forfeiture action pursuant to Title 21, United States Code, Section 853(n). To date, no such claim has been filed by the County.

9.   Since late January, 2004, the government has been in repeated contact with the attorneys representing the Palm Beach Tax Collector and Clerk of the Circuit Court in an attempt to reach a stipulation regarding the payment by the government of delinquent taxes and a postponement of the tax sale scheduled for February 25, 2004. In particular, the government spoke to Mark Kleinfeld, attorney for the Clerk of Circuit Court, and Nancy Banner, counsel to the Clerk, regarding the government's request. The government has repeatedly assured the Clerk, through her attorneys, that upon entry of the Final Order of Forfeiture by the Court or upon sale of the Subject Property, the government would pay the full redemption amount attributable to delinquent taxes and accrued interest, as well as fees and costs associated with the publication and scheduling of the impending tax sale.

10.  On February 12, 2004, the undersigned attorney again spoke with Ms. Banner regarding the government's request to postpone the tax sale. Ms. Banner stated that because the Clerk's function was ministerial, the Clerk did not have the discretion to

5

postpone the tax sale on February 25, 2004 absent a court order. The government notes that according to the attorney for the Tax Collector, Brian Hanlon, Esq., the tax certificate holder, James Powell, does not object to a postponement of the tax sale of the Subject Property so long as the government redeems the certificate at the time the property is sold.

11. The government fully intends to pay the full redemption amount, interest and fees to the County upon the entry of the Final Order of Forfeiture and sale of the Subject Property. However, the government cannot accomplish such sale and payment prior to February 25, 2004. Despite the fact that such any interest arising from a tax sale would be inferior to the government's interest in the property (see discussion below), the tax sale will nonetheless inject a new potential claimant into the federal forfeiture action-the high bidder of the Subject Property--and at the same will complicate efforts by the government to secure title insurance on the Subject Property, which is necessary to ensure the sale of the Subject Property at its highest potential for the benefit of the fraud victims.

Accordingly, the government respectfully moves this Court for an Order pursuant to Title 21, United States Code, enjoining the tax sale pending further order of the Court.

<u>MEMORANDUM OF LAW</u>

Title 21, United States Code, Section 853(g) (incorporated by

Title 18, United States Code, Section 982, which provides for criminal forfeiture of all property involved in money laundering violations) provides as follows:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions...or take any other action to protect the interest of the United States in the property ordered forfeited.[3]

Courts have broad powers under this statute and its corollary, Section 853(e)(1), to take whatever action is necessary to protect the interests of the United States in property subject to forfeiture. See e.g. United States v. Phillips, 185 F.3d 183 (4th Cir. 1999) (court stays mortgagee's state foreclosure sale of properties subject to federal forfeiture order); United States v. Paccione, 992 F. Supp. 335 (S.D. N.Y. 1998) (court enjoins defendant from pursuing state civil action designed to obtain legal interest in property derived from company subject to federal forfeiture order); United States v. BCCI Holdings (Luxembourg) S.A., 69 F. Supp. 2d 36 (D.D.C. 1999) (court appoints trustees to liquidate the assets of a corporation where such liquidation is necessary for the government to realize the defendant's interest in the corporation); United States v. Brandino, No. 95-626-CR-RYSKAMP

---

[3] Section 853(g) is similar in language and scope to Title 21, United States Code, Section 853(e)(1), which permits the court to take such action pre- and post-indictment.

(S.D. Fla., June 27, 1997) (unpublished) (court may authorize the government to take control of non-defendant corporation and manage its business, or permit third-parties to run the business under the supervision of a court-appointed conservator).

The tax sale of the Subject Property is without effect on the federal forfeiture of the Subject Property. Title 21, United States Code, Section 853(k) provides, in relevant part, that:

> Except as provided in subsection (n) of this section (relating to third-party ancillary claims), no party claiming an interest in property subject to forfeiture under this section may...
>
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

Courts have routinely held that, in analogous cases of state foreclosure actions against properties subject to federal forfeiture, Section 853(k) invalidates such actions. United States v. Phillips, 185 F.3d 183 (4th Cir. 1999); United States v. Serendensky, 2003 WL 21543519 (S.D. N.Y. 2003) (unpublished); see also United States v. Gilbert, 244 F.3d 888, 910 (11th Cir. 2001) (ancillary proceeding under Section 853(n) is the "exclusive means" for third parties to assert claims to forfeited property); United States v. McCorkle, 143 F. Supp. 2d 1311 (M.D. Fla. 2001).

Notwithstanding these precedents, if the tax sale is permitted to go forward, unnecessary complications and delays in securing appropriate title insurance, marketing and selling the Subject

8

Property will likely occur, all to the detriment of the fraud victims who stand to recover the proceeds of the sale of the property. For example, as was the case in <u>United States v. Phillips</u> (see discussion below), the government can easily foresee new litigation being initiated in this Court against the United States by a potential high bidder on the Subject Property at tax sale. This Court should properly enjoin any such tax sale to avoid the needless potential problems that may arise otherwise.

The situation here is similar to that in <u>United States v. Phillips</u>, 185 F.3d 183 (4th Cir. 1999). In <u>Phillips</u>, the Court of Appeals dismissed the claim of a high bidder at a state foreclosure sale of property subject to federal forfeiture. Although the government and the mortgagee had agreed, prior to the foreclosure sale, to postpone the foreclosure pending the sale of the forfeited property, the mortgagee grew tired of delays when the government took no action on the properties for several months. The foreclosure sale occurred, and the government was forced into litigation with the high bidder.

The Court denied a request for an emergency stay of the forfeiture proceedings filed by the high bidder, noting that Section 853(n) provides the exclusive means by which a third-party can assert an interest in forfeited property. <u>Phillips</u>, 185 F.3d at 186. The Court stated that "all alternative methods" -- especially foreclosure actions -- under which a third party might

assert its claim over forfeited property once forfeiture proceedings have commenced, are barred "because any other outcome would create duplicitous and obfuscating litigation over property subject to criminal forfeiture." Phillips, 185 F.3d at 187, citing United States v. Security Marine, 767 F. Supp. 260, 263 (S.D. Fla. 1991).

In the case here, the Clerk of the Circuit Court should be enjoined from proceeding with its tax sale because such a sale will create unnecessary complications in securing title insurance for the property and will likely cause new litigation before this Court that will delay a quick sale of the Subject Property, and consequently frustrate the expeditious return of the proceeds of the sale to the fraud victims. Particularly because the government, from the outset, has been ready and willing to pay all outstanding taxes and interest associated with the tax delinquencies on the Subject Property incurred by the Defendant, as well as all fees and costs associated with the scheduling of the tax sale and publication of the sale, the government submits that the Clerk will suffer no detriment in postponing the tax sale.

WHEREFORE, the United States respectfully requests that the Court enter an Order, pursuant to Title 21, United States Code, Section 853(g), enjoining Dorothy H. Wilken, Clerk of Circuit Court of Palm Beach County, Florida from conducting the tax sale of the Subject Property, 7534 Estrella Circle, Boca Raton, Florida, now

scheduled for February 25, 2004, until further order of the Court.

                          Respectfully submitted,

                          MARCOS DANIEL JIMENEZ
                          UNITED STATES ATTORNEY

By: _____
      James R. Pavlock
      Senior Trial Attorney
      U.S. Department of Justice,
      Criminal Division
      Court ID # A5500657
      600 E. Broward Blvd., Suite 700
      Fort Lauderdale, FL 3394
      Tel: 954-356-7255, ext. 3586
      Fax: 954-356-7230

      _____
      William H. Beckerleg
      Assistant U.S. Attorney
      Court ID #A5500074
      600 E. Broward Blvd., Suite 700
      Fort Lauderdale, FL 3394
      Tel: 954-356-7314, ext. 3614
      Fax: 954-356-7180

# Exhibit 1

NOTICE OF APPLICATION FOR TAX DEED

**NOTICE IS HEREBY GIVEN**, that DIANNE K POWELL TTEE/REV TR DTD 8/30/95 & WACHOVIA BANK NA the holder of the following certificate has filed said certificates for a tax deed to be issued thereon. The certificate number and year of issuance, the description of the property, and the names in which it was assessed are as follows:

Certificate No:   8778                    Year of Issuance: May-31-2001

Description of Property:
ESTANCIA IV OF VIA VERDE LT 94

00-42-47-16-13-000-0940

Name in which assessed:
MORGENSTERN DAVID A

Said property being in the County of Palm Beach, State of Florida

Unless said certificate shall be redeemed according to law the property described in such certificate shall be sold to the highest bidder at the courthouse door on the 25th day of February, 2004 in the JUDICIAL CENTER DINING AREA ROOM 1.2406 at 9:00a.m.

SUBJECT TO TAXES BEGINNING 2001         Dated this 06th day of January, 2004

                                        Signature _____
                                        Dorothy H. Wilken
                                        Clerk of Circuit Court of Palm Beach County, Florida



PUBLISH: Jan-20-2004 Jan-27-2004 Feb-03-2004 Feb-10-2004
DELINQUENT REAL ESTATE TAXES DUE FOR THE YEARS: 2000, 2002, 2001
BASE BID AMOUNT:      $251,813.30
REDEMPTION AMOUNT:  $ 31,442.80

# WARNING!

**THERE ARE UNPAID TAXES ON THIS PROPERTY WHICH YOU EITHER OWN, HAVE A LEGAL INTEREST IN, OR IS CONTIGUOUS TO YOUR PROPERTY. THE PROPERTY WITH THE UNPAID TAXES WILL BE SOLD AT PUBLIC AUCTION ON Feb-25-2004 UNLESS THE BACK TAXES ARE PAID. TO MAKE PAYMENT OR TO RECEIVE FURTHER INFORMATION, CONTACT THE CLERK OF COURT AT 205 NORTH DIXIE HIGHWAY, ROOM 4.2500, WEST PALM BEACH, FLORIDA, 33401, OR BY TELEPHONE (561) 355-2962.**

Note:    When redeeming property please be advised that we cannot accept personal checks.
PLEASE REMIT A MONEY ORDER OR CASHIER'S CHECK FOR TOTAL AMOUNT TO BE REDEEMED.
MAKE PAYABLE TO:   **TAX COLLECTOR, PB COUNTY**
MAIL TO:           **CLERK CIRCUIT COURT, PB COUNTY**
                   **P.O. BOX 484**
                   **WEST PALM BEACH, FLORIDA 33402**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was faxed this 13th day of February , 2004, to:

Dorothy H. Wilken
c/o Nancy Banner, Counsel
Clerk of the Circuit Court
301 N. Olive Avenue
West Palm Beach, FL 33401
Fax: 561-355-6727
Phone: 561-355-1640

Mark Kleinfeld, Esq.
P.O. Box 2203
West Palm Beach, FL 33480
Fax: 561-659-2335
Phone: 561-659-2333

_____
JAMES R. PAVLOCK
SENIOR TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE