UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

      Plaintiff

      v.

DAVID MORGENSTERN,

      Defendant



_____/

## UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE, DEFAULT JUDGMENT AND DECLARATION OF CLEAR TITLE

THE UNITED STATES OF AMERICA, pursuant to Title 18, United States Code, Section 982, incorporating Title 21, United States Code, Section 853 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby moves the Court for a Final Order of Forfeiture, an order of default judgment and an order declaring clear title to property subject to forfeiture. A proposed order is attached hereto which incorporates all of the items for which the United States seeks relief. On September 4, 2003, this property was ordered preliminarily forfeited by the Court and, upon notice of that order to all parties known to have a potential legal interest in the property, no ancillary claims have been filed pursuant to Section 853(n). It is the intention of the Government to sell the property at market value, which currently is approximately $600,000, and effect the return of the net proceeds of the sale to the fraud victims in the case. In support hereof, the United States submits the following:

1. On May 7, 2003, upon the sentencing of defendant David Morgenstern ("Defendant") as to Count Fourteen of the Second Superceding Indictment, which charged Defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), the Court



entered a Judgment and Order of Forfeiture, imposing *inter alia* a money judgment against the Defendant in the amount of $31,273,273.58, which represented the amount of laundered fraud proceeds obtained by the Defendant. In addition, the Court forfeited various amounts of jewelry which had been surrendered by the Defendant to the Court-appointed receiver, Beattie Ashmore, Esq., in the related matter of <u>United States v. Virgil Womack</u>, District of South Carolina.

2.    On July 24, 2003, the Government filed a Motion to Amend the Order of Forfeiture to include the home of the Defendant and his family, located at 7534 Estrella Circle, Boca Raton, Florida (hereinafter the "Subject Property"). The legal description of the Subject Property is as follows:

> Lot 94, ESTANCIA IV OF VIA VERDE, P.U.D., according to the Plat thereof, as recorded in Plat Book 35, Pages 69 and 70, of the Public Records of Palm Beach County, Florida.

As part of its Motion, the Government attached a detailed affidavit executed by Wendy Spaulding, a certified public accountant who analyzed the various financial documents related to the fraud and money laundering activity of Morgenstern. That affidavit evidence the receipt of $2.8 million by Gabriel MacEnroe, a Swiss resident who operated a company known as "Commercial Capital Finance, AG" ("CCF"). In the summer of 2000, MacEnroe transferred a total of $348,000 of fraud proceeds back to Morgenstern and took back a new mortgage on the Subject Property in the name of CCF.[1] The affidavit further evinces Morgenstern's use of $146,000 in fraud proceeds toward the down payment on the Subject Property when it was purchased by Morgenstern in January, 2000. The Court noted in its August 20, 2003 Order granting the Government's motion that "The Government has established that proceeds from fraudulent activity both paid the mortgage on the home at 7534 Estrella Circle, Boca Raton, Florida, and a substantial part of the purchase price."

---

[1] MacEnroe was charged in a related fraud scheme in the District of South Carolina and is currently a fugitive. The United States contended in its Motion that the CCF mortgage was nothing more than a sham and a means for Morgenstern and MacEnroe to launder fraud proceeds back to Morgenstern.

3. On September 4, 2003, the Court entered a preliminary Amended Order of Forfeiture, which forfeited the Subject Property and required the United States to effect notice on all third parties known to have a legal interest in the property.

## PUBLICATION OF ENTRY OF AMENDED ORDER OF FORFEITURE

4. On September 26, 2003, notice of the entry of the Amended Order of Forfeiture was published in the Broward Daily Business Review, a newspaper of general circulation. The published notice stated the intent of the United States to forfeit all right, title and interest in and to dispose of the property (the Subject Property) identified in the Amended Order of Forfeiture. The notice further advised all third parties, if any, of their right to petition the Court within thirty days for a hearing to adjudicate the validity of their alleged legal interest in the property, and to set forth the requirement that anyone seeking to claim an interest in the property to be forfeited must file a petition in conformity with Title 21, United States Code, Section 853(n)(3), within thirty days after the earlier of the final date of publication of the notice or the receipt of actual notice. The Proof of Publication of Notice of Forfeiture was filed with the Clerk of this Court on October 1, 2003 (DE #1458). The Subject Property was seized by the U.S. Marshals Service on January 27, 2004 and notice of the seizure was posted at the property.

## NOTICE TO VICTORIA MORGENSTERN AND CCF

5. Pursuant to Title 21, U.S.C. Section 853(n)(1), the United States effected written notice on the two potential claimants known to it at the time of the entry of the Amended Order; namely, Victoria Morgenstern (wife of Defendant Morgenstern) and CCF. In particular, the Government sent by Federal Express a copy of the Amended Order of Forfeiture to Victoria Morgenstern on September 12, 2003 to her home at 7534 Estrella Circle, Boca Raton, Florida. With respect to mortgagee CCF, on September 23, 2003 the Government confirmed the current fax number for CCF by calling CCF's office in St. Gallen, Switzerland and by faxing a copy of the Amended Order of Forfeiture to CCF's fax on

3

September 23, 2003.   Confirmation of the Fed Ex notice to Victoria Morgenstern on September 15,

2003 and the fax transmission notice to CCF in Switzerland on September 23, 2003 is attached as

Exhibit 1.[2]   No claims were filed by either Victoria Morgenstern or CCF.

**NOTICE TO RECORDED JUDGMENT CREDITORS OF DAVID MORGENSTERN**

6. On October 2, 2003, the U.S. Marshals Service received a title search report for the Subject

Property.  The title search report identified the following unsecured judgments recorded against David

Morgenstern with the Clerk of the Court of Palm Beach County:

| JDGMT. CREDITOR | ADDRESS | AMOUNT | FILING DATE |
|---|---|---|---|
| Elegante Leasing, Ltd. | 177 Atlantic Ave. Oceanside, NY 11572 | $54,780.58 | July 7, 2002 |
| Mishan, Sloto, Greenberg and Hellinger | 200 S. Biscayne Blvd. Suite 2350 Miami, FL 33131 | $12,121.60 | Nov. 15, 2000 |
| Fleming Companies, Inc. | 3400 N.W. 74th Ave. Miami, FL 33122 | $2,381,786.04 | April 9, 1999 |
| Cornucopia Natural Foods, Inc. | 260 Lake Road Dayville, CT 06241 | $421,846.00 | July 7, 1995 |
| Tree of Life, Inc. (uncertified judgment)[3] | 1720 Tree Blvd. St. Augustine, FL 32085; 405 Golfway West Dr. St. Augustine, FL 32085 | $531,546.07 | July 5, 1995 |

---

[2]  Victoria Morgenstern resided in the Subject Property and was notified of the intention of the U.S. Marshals Service to seize the property pursuant to the Amended Order and to evict the occupants.  Ms. Morgenstern was given until January 25, 2004 to vacate the premises, and the Marshals Service seized the property on January 27, 2004.

[3]  Florida Statutes Section 55.10, providing for the recording of judgment liens on real property, requires a *certified* copy of a judgment to be filed on the judgment lien records of the county.   A review of the records of the Palm Beach County Clerk of Courts indicates that although a judgment in the matter of Tree of Life, Inc. v. Whole Earth Foods, Inc. et al (David Morgenstern), Case No. CL 95 2498 AE (Palm Beach County Circuit Court) was filed by Tree of Life on July 5, 1995, the judgment filed was not certified.  Accordingly, it is defective in creating a lien interest under Florida law.

| Capital One Bank | 5335 Wisconsin Ave.<br>Suite 360<br>Washington, DC | $4642.91 | Dec. 30, 2002,<br>March 21, 2003 |

7.  Written notice of the opportunity to make a third-party claim pursuant to Title 21, United States Code, Section 853(n), consisting of a copy of the Court's Amended Order and a cover letter , was made each of these judgment creditors as follows:

A.    ELEGANTE LEASING, LTD.
117 Atlantic Ave.
Oceanside NY 11572

On November 20, 2003, notice was sent by Federal Express courier to this creditor, and was delivered on November 24, 2003.  On December 3, 2003, Loel Seitel, Esq., who stated that he represented Elegante Leasing, called AUSA William Beckerleg at the U.S. Attorney's Office in Fort Lauderdale and inquired about the time deadline for filing a claim and whether the Government would enter into a consent order acknowledging the superiority of Elegante's judgment.  The Government declined to agree to any consent order, and Mr. Seitel was advised that his client could file a third-party claim if it so chose.  No claim was filed.

B.    MISHAN, SLOTO, GREENBERG
AND HELLINGER
200 S. Biscayne Blvd, Suite 2350
Miami, FL 33131

On November 20, 2003, notice was sent by Federal Express courier to this creditor, and was delivered on November 24, 2003.  No claim was filed.

C.    FLEMING COMPANIES, INC.
3400 N.W. 74th Ave.
Miami, FL 33122

On November 20, 2003, notice was sent by Federal Express courier to this creditor, and was delivered on November 24, 2003.  No claim was filed.

D.    CORNUCOPIA NATURAL FOODS, INC./UNITED NATURAL FOODS, INC.
      260 Lake Road
      Dayville, CT 06241

On November 20, 2003, notice was sent by Federal Express courier to this creditor, and was delivered

on November 24, 2003.  On January 26, 2004, Senior Trial Attorney James Pavlock received a call from Carl

Koch, Director of Risk Management, United Natural Foods, Inc. (parent corporation of Cornucopia Foods),

Dayville, CT inquiring about the nature of the Government's notice to Cornucopia Natural Foods.  Mr. Koch

was advised of the nature of the proceeding and that his company could file an ancillary claim in the matter

in accordance with the notice (though such claim would now be untimely).  No claim has been filed to date

by Cornucopia Natural Foods, Inc.

D.    TREE OF LIFE, INC.
      (uncertified judgment)
      1720 Tree Blvd.
      Augustine, FL 32085
      405 Golfway West Dr.
      St. Augustine, FL 32085

On November 20, 2003, notice was sent by Federal Express courier to this creditor at two known

addresses, which were delivered on November 24, 2003.  On February 4, 2004, attorney Lisa Pervis,

representing Tree of Life, contacted Senior Trial Attorney James R. Pavlock by telephone inquiring about

the nature of the forfeiture proceeding on behalf of her client.  On March 3, 2004, Mr. Pavlock received

phone call from another attorney representing Tree of Life, Thomas Abrams, of Hollywood, Florida,  who

inquired about the status of the forfeiture proceeding.  Abrams was advised that a motion for default judgment

was about to be filed by the government.  No claim has been filed to date by Tree of Life, Inc.

E.    CAPITAL ONE BANK
      5335 Wisconsin Ave.  Suite 360
      Washington, DC 20015-2054

On November 20, 2003, notice was sent by Federal Express courier to this creditor at the address

identified in its "Final Judgment" filing as recorded in the records of Palm Beach County, Florida, namely

6

5335 Wisconsin Ave., Suite 360, Washington, DC (no zip code included in the filing–the zip code was determined and included in the notice). On or about December 1, 2003, the Federal Express package was returned to the U.S. Attorney's Office as undelivered. The U.S. Attorney's Office undertook additional steps to identify a current address for Capital One Bank on the internet, and accordingly sent a copy of the notice by regular mail to Capital One, Attn: Customer Relations, P.O. Box 85015, Richmond VA 23285-5015. No claim was filed.

8. No claims were filed by any of these judgment creditors. Copies of the government's cover letter, Federal Express mailings and delivery records are attached as Exhibit 2.

## PALM BEACH COUNTY TAX ASSESSOR'S OFFICE, VIA VERDE HOMEOWNERS ASSOCIATION, INC., ESTANCIA WEST HOMEOWNERS ASSOCIATION, INC. AND ESTANCIA SPORTS AND LEISURE PARK ASSOCIATION, INC.

9. On February 13, 2004, the Court entered an order pursuant to Title 18, United States Code, Section 853(g) restraining a tax sale of the Subject Property scheduled by the Palm Beach County Clerk of Courts for February 25, 2004. This tax sale is enjoined pending further order of the Court. The government intends to pay all outstanding property tax arrearages and applicable interest and fees to the Clerk of the Court upon sale of the Subject Property, and has communicated its intention to the County representatives.

10. With respect to three homeowners' associations imposing assessments on the Subject Property, namely, Via Verde Homeowners Association, Inc.,("Via Verde"), Estancia West Homeowners Association, Inc., ("Estancia West") and Estancia Sports and Leisure Park Association, Inc. ("Estancia Sports"), the government has entered into stipulations to pay all outstanding and accruing periodic assessments due (and in the case of Estancia Sports, associated attorneys' fees incurred in a lawsuit filed by that association against David Morgenstern for outstanding assessments) upon entry of the Final Order of Forfeiture. Copies of these stipulations are attached as Exhibit 3.

11. The government is unaware of any other potential claimant which could assert a legal interest in the Subject Property.

7

## RELIEF REQUESTED

12.  The Government requests from the Court the entry of a Final Order of Forfeiture with respect to the Subject Property, and default judgments with respect to Victoria Morgenstern, the mortgagee, various judgment creditors of David Morgenstern identified in the records of Palm Beach County.  The government further requests that the Court provide in its order for the payment of all outstanding property taxes and interest accrued thereon.  The government further requests that the Court approve and incorporate into its order the stipulations with respect to the three homeowners associations.  The government further requests a declaration that clear title to the property is vested in the United States  pursuant to Title 21, United States Code Section 853(n)(7).  Such relief will enable the Government to obtain title insurance necessary to realize the highest market value for the property and to promptly liquidate the property for the benefit of the fraud victims of David Morgenstern.

## MEMORANDUM OF LAW

**Despite  written notice and publication, Victoria Morgenstern, CCF and the various listed judgment creditors have failed to file ancillary claims.  Accordingly, they are in default.**

Title 21, United States Code, Section 853(n) sets out the procedure for adjudicating third-party claims to property subject to forfeiture.  Section 853(n)(1) provides that:

> Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct.  The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

Section 853(n)(2) provides, in pertinent part, that:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice of his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property...

Congress intended that the procedures set forth in Section 853(n) to provide the exclusive means for

third-parties to assert their claims to forfeited property.  See United States v. Gilbert, 244 F. 3d 888, 910 (11th

Cir. 2001) (referencing Title 18, United States Code Section 1963(l), the RICO forfeiture provision analogous

to Section 853(n)).

The Subject Property is titled *solely* in David Morgenstern, and not jointly with his wife Victoria

Morgenstern.  As such, Victoria Morgenstern lacks legal standing to file any claim to the property.

Nonetheless, in an abundance of caution, the Government sent a copy of the Amended Order of Forfeiture,

which contained instructions and statutory references for filing a claim to the Subject Property,  to Victoria

Morgenstern on September 12, 2003.   As stated above, the Government also published in a local newspaper

on September 26, 2003 its intent to forfeit the Subject Property.  No claim under Section 853(n) has ever been

filed by Victoria Morgenstern.  Accordingly, the Government respectfully requests that the Court enter a

default judgment against Victoria Morgenstern in the Subject Property.

On September 23, 2003, a copy of the Amended Order of Forfeiture was sent via facsimile

transmission to CCF in Switzerland at phone number 011-41-71-220-1819, which the Government confirmed

by a telephone call to CCF to be the current fax number for CCF.   No petition has been filed by CCF making

claim to the Subject Property pursuant to Section 853(n).  The Government notes that the principal officer of

CCF is Gabriel MacEnroe, a co-conspirator of David Morgenstern's charged in a related fraud case in the

District of South Carolina.    As evidenced by a letter by MacEnroe to David Morgenstern in May, 2002,

MacEnroe supervised the execution of the mortgage and note with David Morgenstern, which the United

States demonstrated to the Court in prior pleadings to be a sham.  MacEnroe currently is a fugitive in that case,

having failed to appear in Court  on June 20, 2003 before the Honorable G. Ross Anderson, U. S. District

Judge, District of South Carolina.  The Government also notes that Title 28 U.S.C. Section 2466 permits a

judicial officer to disallow a fugitive from pursuing an ancillary claim in a related criminal forfeiture action.

Accordingly, the Government requests that the Court enter a default judgment with respect to any interest CCF

may have in the Subject Property, including its purported mortgage interest.

Similarly, the Government submits that each of the judgment creditors which have recorded judgments in the records of Palm Beach County be subject to default, having been provided written notice of the entry of the Amended Order of Forfeiture and an opportunity to file a third-party claim pursuant to Section 853(n). No claims have been filed. Accordingly, the Government requests the entry of a default judgment against each of these judgment creditors.[4]

**The United Sates is entitled to clear title of the forfeited property**

The 11th Circuit Court of Appeals in Gilbert stated that the ancillary proceeding is essentially a quiet title proceeding. Gilbert, 244 F.3d at 911. If third-party claims are not made or are unsuccessful, "the government may...request an order from the court declaring that the government has met all of the statutory notice requirements, that no meritorious third-party claims were filed, and that the government has clear title to the forfeited property." Gilbert, 244 F.3d at 913, citing Title 21, United States Code, Section 853(n)(7).[5] The Government requests that the Court confirm clear title to the Subject Property so that title insurance may

---

[4] Even if a judgment creditor were to file a claim, such a claim should be dismissed for lack of standing under Section 853(n)(6). A general unsecured creditor, including a judgment creditor which has not perfected a lien or otherwise secured an interest in any specific property (e.g., by executing and levying on the particular parcel), does not have a legal interest cognizable under Section 853(n)(6) sufficient to confer standing. United States v. McCorkle, 143 F. Supp. 1311, 1322 (M.D. Fla. 2001); United States v. McClung, 6 F. Supp. 2d 548, 552 (W.D. Va. 1998); United States v. Douglass, 55 F.3d 584 (11th Cir. 1995); see also United States v. BCCI Holdings (Luxembourg), S.A., 46 F.3d 1185, 1191-92 (D.C. Cir. 1995), cert. denied 515 U.S. 1160 (1995). Under Florida law, a judgment lien created by statute (F.S.A. Section 55.10) is of limited effect, conferring upon the lienholder only the power to make his general lien effectual by following up the steps of the law and consummating its judgment by an execution and levy on the land." The judgment lien "does not create an estate or right of property in the debtor's lands." Gantz v. First National Bank of Miami, 138 So. 2d 367, 369 (Fla. App. 1962), quoting Smith v. Pattishall, 127 Fla. 474, 176 So. 468 (Fla. 1937).

[5] Title 21, U.S.C. Section 853(n)(7) states:

> Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser of transferee.

be issued and the property may be expeditiously sold at its full potential for the benefit of the fraud victims.

Given sufficient notice and the absence of claims filed by anyone in this matter, including Victoria Morgenstern, CCF , and the various judgment creditors of David Morgenstern which have recorded judgments on the records of Palm Beach County, the Government requests that the Court make a finding of sufficient notice, enter default judgments, enter a Final Order of Forfeiture pursuant to F.R.Crim. P.32.2(c)(2) and declare that the United States has clear title to the Subject Property pursuant to Section 853(n)(7).   The Government intends to liquidate the property and forward the net proceeds of sale to the Receiver in South Carolina in the matter of United States v. Virgil Womack in order to distribute the proceeds to the victims of the Womack/Morgenstern fraud.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By:

James R. Pavlock
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Court ID # A5500657
U.S. Attorney's Office
600 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 3394
Tel: 954-356-7255, ext. 3586
Fax: 954-356-7230

William H. Beckerleg
Assistant U.S. Attorney
Court ID #A5500074
U.S. Attorney's Office
600 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 3394
Tel: 954-356-7314, ext. 3614
Fax: 954-356-7180

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff

        v.

DAVID MORGENSTERN,

        Defendant

_____/

**DECLARATION IN SUPPORT OF REQUEST FOR FINAL ORDER OF FORFEITURE,
DEFAULT JUDGMENT AND DECLARATION OF CLEAR TITLE**

    1.  I am a Senior Trial Attorney for the U. S. Department of Justice, Criminal Division, and

represent the plaintiff, the United States of America, in this action.

    2.  Pursuant to Title 28, United States Code, Section 1746, I declare that the facts set forth in the

attached Motion for Final Order of Forfeiture, Default Judgment and to Declare Clear Title to Property are

true and correct to the best of my knowledge and belief.

                                         _____
                                         James R. Pavlock
                                       Senior Trial Attorney
                                       U.S. Department of Justice, Criminal Division

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion and exhibits was

sent by Federal Express, or as otherwise noted, this *3rd* day of March, 2004, to the following:

Victoria Morgenstern (by regular mail, last known address)
7534 Estrella Circle
Boca Raton, FL 33433

Commercial Capital Finance, AG (by fax, Federal Express)
Gabriel MacEnroe
Postfach CH-19001
St. Gallen, Switzerland
fax: 011-41-71-220-1819

Loel Seitel, Esq. (by fax)
(representing Elegante Leasing)
45 Birch Street
Englewood Cliffs, NJ 07632
fax: 201-568-2270

Mishan, Sloto, Greenberg and Hellinger (by fax)
c/o Sloto, Greenberg and Berk
200 S. Biscayne Blvd.
Suite 2350
Miami, FL 33131
fax: 305-379-2328

Fleming Companies, Inc.
3400 N.W. 74th Ave.
Miami, FL 33122

Cornucopia Natural Foods, Inc.
United Natural Foods, Inc.
Attn: Carl Koch, Risk Management
P.O. Box 999
260 Lake Road
Dayville, CT 06241-0999

Thomas Abrams, Esq.
(representing Tree of Life, Inc.)
4000 Hollywood Blvd.
Suite 350 North
Hollywood, FL 33021

Capital One (by U.S. mail)
Attn: Customer Relations
P.O. Box 85015
Richmond VA 23285-5015

Capital One (by U.S. mail)
5334 Wisconsin Ave., NW
Suite 360
Washington DC 20015

Keith Backer, Esq. (by fax)
(representing Estancia West and
   Estancia Sports)
Backer Law Firm
136 East Boca Raton Road
Boca Raton, FL 33432
fax: 561-361-3491

Mark Kleinfeld, Esq. (by fax)
(representing Palm Beach County Clerk of Courts)
205 Worth Ave., Suite 310
Palm Beach, FL 33480
fax: 561-659-2335

Todd DeMartine (by fax)
Hawkeye Management Co.
(agent for Via Verde Homeowners Association, Inc.)
3901 North Federal Hwy.
Suite 202
Boca Raton, FL 33431
fax: 561-392-1608



James R. Pavlock
Senior Trial Attorney
Criminal Division, U.S. Department of Justice



# Exhibit 1

# FedEx Express — USA Airbill

FedEx Tracking Number: 8350 6935 1970

## 1 From

Date: 9/12/03

Sender's FedEx Account Number: 1429-8987-5

Sender's Name: William Beckerleg

Phone: (954) 356-7306

Company: USDOJ/US ATTY OFC

Address: 500 E BROWARD BLVD STE 700

City: FORT LAUDERDALE   State: FL   ZIP: 33394

## 2 Your Internal Billing Reference

Amended Order of Forfeiture

## 3 To

Recipient's Name: Victoria Morgenstern   Phone:

Company:

Address: 7534 Estrella Circle

City: Boca Raton   State: FL   ZIP:

## 4a Express Package Service

[X] FedEx Priority Overnight

[ ] FedEx Standard Overnight

[ ] FedEx First Overnight

[ ] FedEx 2Day

[ ] FedEx Express Saver

## 4b Express Freight Service

[ ] FedEx 1Day Freight

[ ] FedEx 2Day Freight

## 5 Packaging

[X] FedEx Envelope*

[ ] FedEx Pak*

[ ] Other

## 6 Special Handling

[ ] SATURDAY Delivery

[ ] HOLD Weekday

[ ] HOLD Saturday

Does this shipment contain dangerous goods?

[ ] No   [ ] Yes   [ ] Yes   [ ] Dry Ice   [ ] Cargo Aircraft Only

## 7 Payment  Bill to:

[X] Sender   [ ] Recipient   [ ] Third Party   [ ] Credit Card   [ ] Cash/Check

FedEx Acct. No./Credit Card No.

## 8 Release Signature

Total Packages | Total Weight | Total Declared Value† $        .00

0217751913

Try online shipping at fedex.com.

Questions? Visit our Web site at fedex.com

447

Corporation | About FDX Corp. | Corporation News                    Page 1 of 1



United States Home                           Information Center  |  Customer Supp

## FedEx® Express Signature Proof of Delivery
# No Signature Found

Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. At the time of shipment, the signature was released by the shipper/recipient (indicating that no signature was required).

**Your Next Step**
○ Online letter (no signature)
○ Fax Letter (no signature)
○ Make a new request

### Delivery Information
Signed for by: D. MORGANSTERN 13138045
Delivered to: 7534 ESTRELLA CIRCLE
Delivery Date: September 15, 2003
Delivery Time: 0840
Shipper Reference Number: AMENDED ORDER OF FOR FOR

Submit

### Shipping Information
Tracking Number: 835069351970
Shipper:
WILLIAM BECRERLEG
USDOJ/US ATTY OFC
500 E BROWARD BLVD STE 70
FORT LAUDERDALE, FL 333943016
US

### Please Note

- If you have any questions about this shipment, please contact us.

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy
This site is protected by copyright and trademark laws under U.S. and International law. All rights reserved. © 1995-2003 FedEx

09 23/03  12:42 FAX 9543567336          FT LAUD USAO                              ☒001

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO      -         3317
CONNECTION TEL          901141712201819
SUBADDRESS
CONNECTION ID
ST. TIME                09/23 12:41
USAGE T                 01'31
PGS. SENT               3
RESULT                  OK
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DAVID MORGENSTERN,

        Defendant.

_____/

FILED by _____ D.C.

SEP 4 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## AMENDED ORDER OF FORFEITURE

**THIS CAUSE** is before the Court upon the motion of the United States for entry of an

amended order of forfeiture as to Defendant David Morgenstern ("Defendant") with respect to the

real property located at 7534 Estrella Circle, Boca Raton, Florida (the "Property"), as more

particularly as follows:

> Lot 94, ESTANCIA IV OF VIA VERDE, P.U.D., according to the Plat thereof, as recorded
> in Plat Book 35, Pages 69 and 70, of the Public Records of Palm Beach County, Florida.

This order amends the Judgment and Order of Forfeiture entered by this Court on May 7, 2003.

This Court has reviewed the motion, the plea agreement, the money judgment for

$31,273,273.58, and the record in this cause, and this Court being otherwise fully advised, pursuant



# Exhibit 2

**FedEx**
Express

**USA Airbill**

FedEx Tracking Number: **8436 5176 7332**

Form ID No.: **0215**

From (Please print and press hard)

Date: 11/20/03

Sender's FedEx Account Number

Sender's Name: James R. Pavlock

Company: USDOJ/US ATTY OFC

Address: 500 E BROWARD BLVD STE 700

City: FORT LAUDERDALE   State: FL   ZIP: 33394-3016

Phone: (954) 356-7255

Your Internal Billing Reference: Amended Order of Forfeiture

To

Recipient's Name: Elegante Leasing Ltd   Phone ( )

Company:

Address: 117 Atlantic Avenue

Address:

City: Oceanside   State: NY   ZIP: 11572

0263022241

4a Express Package Service

4b Express Freight Service

5 Packaging

6 Special Handling

7 Payment   Bill to:
Sender / Recipient / Third Party / Credit Card

8 Release Signature

Total Packages   Total Weight   Total Declared Value $

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.

**Try online shipping at fedex.com.**
Questions? Visit our Web site at fedex.com
or call 1.800.Go.FedEx® 800.463.3339



United States Home                                    Information Center  |  Customer Supp

Search

Package / Envelope Services | Freight Services | Same Day Services

| Ship | Track | Rates | Pickup | Locations | Transit Time | Internation |

FedEx® Express Signature Proof of Delivery                    ⑦ Quick Help

# No Signature Found

You can also track
• Signature F

Proof of delivery details appear below, however no signature is currently available for this FedEx Express shipment. At the time of shipment, the signature was released by the shipper/recipient (indicating that no signature was required).

Related Links
• Track more
• My FedEx

Shipment Information

| Delivery Information | | Shipping Information | |
|---|---|---|---|
| **Signed for by:** | E.LEGANTE | **Tracking number:** | 843651767332 |
| **Delivered to:** | 175 ATLANTIC | **Shipper:** | JAMES R PAVLOCK |
| **Delivery date:** | November 24, 2003 | | USDOJ/US ATTY OFC |
| **Delivery time:** | 0842 | | 500 E BROWARD BLVD |
| **Shipper reference** | AMENDED ORDER OF | | STE 70 |
| **number:** | FORFEIT | | FORT LAUDERDALE. FL |
| | | | 333943016 |
| | | | US |

Your next step

⦿ Online letter (no signature)

○ Fax Letter (no signature)

○ Make a new request

███████████████

**Please note**
If you have any questions about this shipment, please contact us.

Global Home | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy

This site is protected by copyright and trademark laws under U.S. and International law. All rights reserved. © 1995-2003 FedEx

**FedEx** Express **USA Airbill**

Tracking Number: **8436 5176 7321**

**0215**

**1 From** Please print and press hard.

Date: 11/30/03

Sender's FedEx Account Number: **1429-8987-5**

Sender's Name: James Pavlock

Company: USDOJ/US ATTY OFC

Phone ( 954 ) 356-7255

Address: 500 E BROWARD BLVD STE 700

City: FORT LAUDERDALE    State: FL    ZIP: 33394-3016

**2 Your Internal Billing Reference**

Amended Order of Forfeiture

**3 To**

Recipient's Name _____    Phone ( )

Company: Mishan, Sloto, Greenberg & Hellinger

Address: 200 S Biscayne Blvd.

Suite 2350

City: Miami    State: FL    ZIP: 33131

0263022441

Try online shipping at fedex.com.

By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.

**Questions?** Visit our **Web site** at **fedex.com** or call 1.800.Go.FedEx® 800.463.3339.

**4a Express Package Service**

**4b Express Freight Service**

**5 Packaging**

**6 Special Handling**

SATURDAY Delivery

Does this shipment contain dangerous goods?

**7 Payment** Bill to:

**8 Release Signature** Sign to authorize delivery without obtaining signature.

Total Packages    Total Weight    Total Declared Value

$ .00

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

12/2/2003

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **843651767321**. Our records reflect the following information.

## Delivery Information:

**Signed For By:** A.MARTINEZ



**Delivery Location:** 200 S BISCAYNE BLVD 3000
**Delivery Date:** November 24, 2003
**Delivery Time:** 1005

## Shipping Information:

**Tracking No:** 843651767321                **Ship Date:** November 21, 2003

**Recipient:**                                **Shipper:**
                                              JAMES PAVLOCK
MISHAN SLOTO GREENBERG & HELLI                USDOJ/US ATTY OFC
200 S BISCAYNE BLVD SUITE                     500 E BROWARD BLVD STE 70
MIAMI, FL 33131                               FORT LAUDERDALE, FL 333943016
US                                            US

**Shipment Reference Information:**           AMENDED ORDER OF FORFEIT

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®
Reference No.: R2003120200102472751

**FedEx.** Express **USA Airbill**

FedEx Tracking Number **8436 5176 7310**

**0215**

**1 From** Please print and press hard.

Date **11/20/03**

Sender's FedEx Account Number **1429-8987-5**

Sender's Name **James R. Pavlock**

Company **USDOJ/US. ATTY OFC.**

Phone **(954) 356-7255**

Address **500 E BROWARD BLVD STE 700**

City **FORT LAUDERDALE**    State **FL**    ZIP **33394-3016**

**2 Your Internal Billing Reference**
Amended Order of Forfeiture

**3 To**
Recipient's Name **Fleming Companies, Inc.**    Phone ( )

Company

Address **34100 N.W. 74th Avenue**

City **Miami**    State **FL**    ZIP **33122**

0263022441

**Try online shipping at fedex.com.**

Questions? Visit our Web site at fedex.com
or call 1.800.Go.FedEx® 800.463.3339

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

12/2/2003

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **843651767310**. Our records reflect the following information.

## Delivery Information:

**Signed For By:** A.DEMPS



**Delivery Location:** 3400 NW 74 AVE
**Delivery Date:** November 24, 2003
**Delivery Time:** 0856

## Shipping Information:

**Tracking No:** 843651767310                **Ship Date:** November 21, 2003

**Recipient:**                                **Shipper:**
                                              JAMES R PAVLOCK
FLEMING COMPANIES INC                         USDOJ/US ATTY OFC
3400 NW 74TH AVENUE                           500 E BROWARD BLVD STE 70
MIAMI, FL 33122                               FORT LAUDERDALE, FL 333943016
US                                            US

**Shipment Reference Information:**           AMENDED ORDER OF FORFEIT

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®
Reference No.: R2003120200102501433

**FedEx** Express

**USA Airbill**

FedEx Tracking Number **8436 5176 7300**

FedEx Ltd. No. **0215**

## 1 From

Date 11/20/03

Sender's Name James R. Pavlock

Sender's FedEx Account Number

Company USDOJ/US ATTY OFC

Address 500 E BROWARD BLVD STE 700

City FORT LAUDERDALE   State FL   ZIP 33394-3016

Phone (954) 356-7255

## 2 Your Internal Billing Reference
First 24 characters will appear on invoice.

## 3 To

Recipient's Name Cornucopia Natural   Phone (   )

Company Foods, Incorporated

Address 260 Lake Road
To "HOLD" at FedEx location, print FedEx address.

Address   We cannot deliver to P.O. boxes or P.O. ZIP codes.

City Dayville   State CT   ZIP 06241

## 4a Express Package Service   Packages up to 150 lbs.

☒ FedEx Priority Overnight

☐ FedEx Standard Overnight

☐ FedEx First Overnight

☐ FedEx 2Day

☐ FedEx Express Saver

## 4b Express Freight Service   Packages over 150 lbs.

☐ FedEx 1Day Freight

☐ FedEx 2Day Freight

☐ FedEx 3Day Freight

## 5 Packaging

☐ FedEx Envelope

☐ FedEx Pak

☒ FedEx Box

☐ FedEx Tube

☐ Other

## 6 Special Handling

☐ SATURDAY Delivery

☐ HOLD Weekday   ☐ HOLD Saturday

Does this shipment contain dangerous goods?

☐ No   ☐ Yes   ☐ Yes   ☐ Dry Ice   ☐ Cargo Aircraft Only

## 7 Payment   Bill to:

☒ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value $   .00

## 8 Release Signature

**447**

Try online shipping at fedex.com.
By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.
Questions? Visit our Web site at fedex.com

0263032241



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

12/2/2003

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **843651767300**. Our records reflect the following information.

## Delivery Information:

**Signed For By:** P.EMOND



**Delivery Location:** 260 LAKE RD
**Delivery Date:** November 24, 2003
**Delivery Time:** 1047

## Shipping Information:

**Tracking No:** 843651767300          **Ship Date:** November 21, 2003

**Recipient:**                          **Shipper:**
CORNUCOPIA NATURAL                      JAMES R PAVLOCK
FOODS INCORPORATED                      USDOJ/US ATTY OFC
260 LAKE ROAD                           500 E BROWARD BLVD STE 70
DAYVILLE, CT 06241                      FORT LAUDERDALE, FL 333943016
US                                      US

**Shipment Reference Information:**

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®
Reference No.: R2003120200102451502

FedEx Express ® USA Airbill

Fed-Ex Tracking Number **8436 5176 7343**

Form 0215

**From** Please print and press hard.

Date 11/20/03

Sender's FedEx Account Number

Sender's Name **James R. Pavlock**   Phone (954) 356-7255

Company **USDDJ/US ATTY OFC**

Address **500 E BROWARD BLVD STE 700**

City **FORT LAUDERDALE**   State **FL**   ZIP **33394-3016**

**Your Internal Billing Reference** First 24 characters will appear on invoice.
**Amended Order of Forfeiture**

**To**

Recipient's Name **Tree of Life, Inc.**   Phone ( )

Company

Address **4105 Golfway West Drive**

City **St Augustine**   State **FL**   ZIP **32085-**

Account Number **1429-89987-5**

0263022441

Try online shipping at fedex.com.
Questions? Visit our Web site at fedex.com
or call 1.800.Go.FedEx® 800.463.3339

**4a Express Package Service**

**4b Express Freight Service**

**5 Packaging**

**6 Special Handling**
SATURDAY Delivery

**7 Payment** Bill to:
Sender / Recipient / Third Party / Credit Card / Cash/Check

**8 Release Signature** Sign to authorize delivery without obtaining signature.

Total Packages   Total Weight   Total Declared Value $  .00

447

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE.



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

12/2/2003

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **843651767295**. Our records reflect the following information.

**Delivery Information:**

Signed For By: C.BEVERLY



Delivery Location: 405 GULF WAY WEST DRIVE
Delivery Date: November 24, 2003
Delivery Time: 1132

**Shipping Information:**

Tracking No: 843651767295

Ship Date: November 21, 2003

Recipient:
TREE OF LIFE INC

Shipper:
JAMES R PAVLOCK
USDOJ/US ATTY OFC
500 E BROWARD BLVD STE 70

1720 TREE BLVD
ST AUGUSTINE, FL 32085
US

FORT LAUDERDALE, FL 333943016
US

**Shipment Reference Information:**

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®
Reference No.: R2003120200102501183



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

12/2/2003

Dear Customer:

Here is the proof of delivery for the shipment with tracking number **843651767343**. Our records reflect the following information.

## Delivery Information:

**Signed For By:** C.BEVERLY



**Delivery Location:** 405 GULF WAY WEST DRIVE
**Delivery Date:** November 24, 2003
**Delivery Time:** 1132

## Shipping Information:

**Tracking No:** 843651767343                **Ship Date:** November 21, 2003

**Recipient:**                                **Shipper:**
TREE OF LIFE INC                              JAMES R PARLOCK
                                              USDOJ/US ATTY OFC

405 GOLFWAY WEST DRIVE                         500 E BROWARD BLVD STE 70
ST AUGUSTINE, FL 32085                         FORT LAUDERDALE, FL 333943016
US                                            US

**Shipment Reference Information:**           AMENDED ORDER OR FORFE T

Thank you for choosing FedEx Express. We look forward to working with you in the future.

FedEx Worldwide Customer Service
1-800-Go-FedEx®
Reference No.: R2003120200102471761

**FedEx** Express · *USA Airbill*

FedEx Tracking Number **8436 5176 7354**

From **02I5**

**1 From** Please print and press hard.

Date **11/30/03**

Sender's FedEx Account Number

Sender's Name **James R. Pavlock**     Phone **954-356-7255**

Company **USDOJ/US ATTY OFC**

Address **500 E BROWARD BLVD STE 700**

City **FORT LAUDERDALE**     State **FL**     ZIP **33394-3016**

**2 Your Internal Billing Reference**     **Amended Order of Forfeiture**

**3 To**

Recipient's Name **Capitol One Bank**     Phone ( )

Company **Legal Department**

Address **5335 Wisconsin Avenue**     **Suite 360**

City **Washington**     State **DC**     ZIP **20015-2054**

**4a Express Package Service**

**4b Express Freight Service**

**5 Packaging**     [X] FedEx Envelope

**6 Special Handling**

**7 Payment** Bill to:     [X] Sender

**8 Release Signature**

Total Packages     Total Weight     Total Declared Value $ .00

**447**

Try online shipping at fedex.com.

Questions? Visit our Web site at fedex.com



FROM : HAWK-EYE MANAGEMENT INC.          PHONE NO. : 561 392 1601          FEB. 10 2004 11:38AM P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

       Plaintiff

       v.

DAVID MORGENSTERN,

       Defendant

_____/

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America (the "United States") and Via Verde Homeowners Association, Inc. (the "Association") to compromise and settle any claim these organizations may have for assessments owed and accruing to the Association with respect to 7534 Estrella Circle, Boca Raton, Florida (the "Subject Property"), being further described as follows:

> Lot 94, ESTANCIA IV OF VIA VERDE, P.U.D., according to the Plat thereof, as recorded in Plat Book 35, Pages 69 and 70, of the Public Records of Palm Beach County, Florida.

### RECITALS

1. On September 4, 2003, the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division, entered a preliminary Amended Order of Forfeiture which forfeited the Subject Property to the United States pursuant to Title 18, United States Code, Section 982 as property traceable to money laundering violations under Title 18, United States Code, Section

1

FROM : HAWK-EYE MANAGEMENT INC.    PHONE NO. : 561 392 1601    FEB. 10 2004 11:39AM

1956 committed by Defendant David Morgenstern (the "Defendant"). The Subject Property was seized by, and currently is in the possession of, the U.S. Marshals Service.

2. Upon the entry of a Final Order of Forfeiture by the Court, the United States intends to sell the property and return the net proceeds of the sale to the victims of the fraud.

3. The United States recognizes that the Association, without any knowledge of the acts committed by the Defendant involving the Subject Property, is entitled to outstanding annual assessments attributable to the Subject Property.

4. It is the intention of the United States, in contemplation of the entry of a Final Order of Forfeiture against the Subject Property, to take steps to secure clear title to the property and, accordingly, to settle all cognizable claims for annual assessments accrued and accruing against the Subject Property that may be made by the Association until the property is sold by the United States

## THE AGREEMENT

5. Upon the entry of a Final Order of Forfeiture by the United States District Court forfeiting all title, rights and interest to the Subject Property to the United States and declaring clear title in the United States, the United States will pay, within 30 days after the entry of the entry of the Final Order of Forfeiture, all annual assessments accrued and owing to the Association which are outstanding on the Subject Property at the time the Final Order of Forfeiture is entered by the Court.

7. The Association agrees not file any claim in U.S. District Court in the above-captioned matter arising out of any interest it may have in the Subject Property pursuant to Title 21, United States Code, Section 853(n)(6) (related to third-party claims).

2

FROM : HAWK-EYE MANAGEMENT INC.        PHONE NO. : 561 392 1601        FEB. 10 2004 11:39AM P1

FROM : HAWK-EYE MANAGEMENT INC.        PHONE NO. : 561 392 1601        FEB. 05 2004 12:03PM P2

8    Subject to payment of all outstanding annual assessments at time of the sale of the Subject Property by the United States, the Association agrees to execute all documents necessary release to any and all liens and encumbrances on the sale of the Subject Property by the United States, for the United States to secure title insurance on the Subject Property, and to effectuate the sale and closing on the Subject Property.

9.  All correspondence by the Association concerning the Subject Property shall be made to the U.S. Marshals Service, Asset Forfeiture Unit, 51 SW 1st Avenue, Miami, FL 33130.

10. The United States will submit this Stipulation to the U.S. District Court in furtherance of its Motion for Final Order of Forfeiture of the Subject Property.

11. The terms of this Stipulation shall be subject to approval by the United States District Court in the above-captioned matter, which shall retain jurisdiction to adjudicate and enforce the terms of this Stipulation.

12. This Stipulation may be executed in whole or in part in duplicate and /or by facsimile.

DATED this 10th day of _February_ , 2004.

LESTER JOSEPH
Acting Chief, Asset Forfeiture and
Money Laundering Section
U.S. Department of Justice, Criminal Division

By: _____
James R. Pavlock
Senior Trial Attorney

VIA VERDE HOMEOWNERS ASSOCIATION, INC.

By: _____
ANGELA SULLIVAN, TREASURER   VIA VERDE

3

RECEIVED
FEB 0 5 2004
BY:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

Plaintiff

v.

DAVID MORGENSTERN,

Defendant

_____/

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America (the "United States") and Estancia West Homeowners Association, Inc (the "Association") to compromise and settle any claim these organizations may have for assessments owed and accruing to the Association with respect to 7534 Estrella Circle, Boca Raton, Florida (the "Subject Property"), being further described as follows:

Lot 94, ESTANCIA IV OF VIA VERDE, P.U.D., according to the Plat thereof, as recorded in Plat Book 35, Pages 69 and 70, of the Public Records of Palm Beach County, Florida.

## RECITALS

1. On September 4, 2003, the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division, entered a preliminary Amended Order of Forfeiture which forfeited the Subject Property to the United States pursuant to Title 18, United States Code, Section 982 as property traceable to money laundering violations under Title 18, United States Code, Section

1

1956 committed by Defendant David Morgenstern (the "Defendant"). The Subject Property was seized by, and currently is in the possession of, the U.S. Marshals Service.

2. Upon the entry of a Final Order of Forfeiture by the Court, the United States intends to sell the property and return the net proceeds of the sale to the victims of the fraud.

3. The United States recognizes that the Association, without any knowledge of the acts committed by the Defendant involving the Subject Property, are entitled to outstanding assessments attributable to the Subject Property.

4. It is the intention of the United States, in contemplation of the entry of a Final Order of Forfeiture against the Subject Property, to take steps to secure clear title to the property and, accordingly, to settle all cognizable claims for assessments accrued and accruing against the Subject Property that may be made by the Association until the property is sold by the United States

## THE AGREEMENT

5. Upon the entry of a Final Order of Forfeiture by the United States District Court forfeiting all title, rights and interest to the Subject Property to the United States and declaring clear title in the United States, the United States will pay, within 30 days after the entry of the entry of the Final Order of Forfeiture, all regular quarterly maintenance assessments accrued and owing to the Association which are outstanding on the Subject Property at the time the Final Order of Forfeiture is entered by the Court, including the assessment in the amount of $600.00 that came due on January 1, 2004.

7. The Association agrees not file any claim in U.S. District Court in the above-captioned matter arising out of any interest it may have in the Subject Property pursuant to Title

2

03/03/2004  11:57    5613613491              BACKER LAW FIRM                        PAGE  02

21, United States Code, Section 853(n)(6).

8.  Subject to payment of all outstanding quarterly assessments at time of the sale of the Subject Property by the United States, the Association agrees to execute all documents necessary release to any and all liens and encumbrances on the sale of the Subject Property by the United States, for the United States to secure title insurance on the Subject Property, and to effectuate the sale and closing on the Subject Property.

9.  All correspondence by the Association concerning the Subject Property shall be made to the U.S. Marshals Service, Asset Forfeiture Unit, 51 SW 1ˢᵗ Avenue, Miami, FL 33130.

10.  The United States will submit this Stipulation to the U.S. District Court in furtherance of its Motion for Final Order of Forfeiture of the Subject Property.

11  The terms of this Stipulation shall be subject to approval by the United States District Court in the above-captioned matter, which shall retain jurisdiction to adjudicate and enforce the terms of this Stipulation.

12.  This Stipulation may be executed in whole or in part in duplicate and /or by facsimile.

DATED this _3rd_ day of _march_ , 2004.

LESTER JOSEPH
Acting Chief, Asset Forfeiture and
Money Laundering Section
U.S. Department of Justice, Criminal Division

By: _____
James R. Pavlock
Senior/Trial Attorney

Mitchell Fogel, President
Estancia West Homeowners Association, Inc.

3

MAR-03-2004 13:03 From:FOGEL&COHEN     561393707     To:5613613491     P.2/2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6309-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

Plaintiff

v.

DAVID MORGENSTERN,

Defendant

_____/

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by and between the United States of

America (the "United States") and Estancia Sports and Leisure Park Association, Inc., (the

"Association") to compromise and settle any claim these organizations may have for assessments

owed and accruing to the Association with respect to 7534 Estrella Circle, Boca Raton, Florida

(the "Subject Property"), being further described as follows:

> Lot 94, ESTANCIA IV OF VIA VERDE, P.U.D., according to the Plat thereof, as
> recorded in Plat Book 35, Pages 69 and 70, of the Public Records of Palm Beach County,
> Florida.

## RECITALS

1. On September 4, 2003, the U.S. District Court for the Southern District of Florida,

Fort Lauderdale Division, entered a preliminary Amended Order of Forfeiture which forfeited the

Subject Property to the United States  pursuant to Title 18, United States Code, Section 982 as

property traceable to money laundering violations under Title 18, United States Code, Section

1

1956 committed by Defendant David Morgenstern (the "Defendant"). The Subject Property was seized by, and currently is in the possession of, the U.S. Marshals Service.

2. Upon the entry of a Final Order of Forfeiture by the Court, the United States intends to sell the property and return the net proceeds of the sale to the victims of the fraud.

3. The United States recognizes that the Association, without any knowledge of the acts committed by the Defendant involving the Subject Property, is entitled to outstanding assessments attributable to the Subject Property.

4. A foreclosure action was initiated in 2002 in the Court of Palm Beach County, Florida (Case #2002-19317) by the Association resulting in the filing of a Lis Pendens and Lien of Claim for Assessments on the records of Palm Beach County, Florida.

5. It is the intention of the United States, in contemplation of the entry of a Final Order of Forfeiture against the Subject Property, to take steps to secure clear title to the property and, accordingly, to settle all cognizable claims for assessments accrued and accruing against the Subject Property that may be made by the Association until the property is sold by the United States.

THE AGREEMENT

6. Upon the entry of a Final Order of Forfeiture by the United States District Court forfeiting all title, rights and interest to the Subject Property to the United States and declaring clear title in the United States, the United States will pay, within 30 days after the entry of the entry of the Final Order of Forfeiture, all regular annual maintenance assessments accrued and owing to the Association which are outstanding on the Subject Property at the time the Final Order of Forfeiture is entered by the Court, including the assessment in the amount of $270.00

2

that came due on January 1, 2004.

7. The Association agrees not file any claim in U.S. District Court in the above-captioned matter arising out of any interest it may have in the Subject Property pursuant to Title 21, United States Code, Section 853(n)(6).

8. Subject to payment of all outstanding assessments at time of the sale of the Subject Property by the United States, and the payment at time of the sale of all reasonable attorneys' fees actually incurred by the Association, up to a maximum of $2000, incurred in connection with the filing and litigation of the foreclosure action described in paragraph 4 above, from the proceeds of such sale, the Association agrees to execute all documents necessary release to any and all liens and encumbrances on the sale of the Subject Property by the United States, for the United States to secure title insurance on the Subject Property, and to effectuate the sale and closing on the Subject Property. Such documents shall include, but shall not be limited to, the execution by the Estancia Sports and Leisure Park Association, Inc. of a Release of Lien, filed on June 12, 2002 in Official Records Book 13796, Page 386, together with a Dismissal of Litigation under Case No. 2002-19317, Palm Beach County, Florida and a Discharge of Lis Pendens filed August 26, 2002 in the Official Records Book 14073, Page 1829, Public Records of Palm Beach County, Florida.

9. All correspondence by the Association concerning the Subject Property shall be made to the U.S. Marshals Service, Asset Forfeiture Unit, 51 SW 1st Avenue, Miami, FL 33130.

10. The United States will submit this Stipulation to the U.S. District Court in furtherance of its Motion for Final Order of Forfeiture of the Subject Property.

11. The terms of this Stipulation shall be subject to approval by the United States District

3

Court in the above-captioned matter, which shall retain jurisdiction to adjudicate and enforce the terms of this Stipulation.

    12.  This Stipulation may be executed in whole or in part in duplicate and /or by facsimile.

    DATED this _3rd_ day of _March_ , 2004.

                LESTER JOSEPH
                Acting Chief, Asset Forfeiture and
                Money Laundering Section
                U.S. Department of Justice, Criminal Division

        By: _____
                James R. Pavlock
                Senior Trial Attorney

                Michael Winess, Secretary
                Estancia Sports and Leisure Park Assoc., Inc.

4