UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID MORGENSTERN

      Defendant.

_____/

CASE NO.  00-06309-CR-DIMITROULEAS
02-60100-CR-DIMITROULEAS

FILED by _____ D.C.

AUG 18 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER DEFERRING RULING

    **THIS CAUSE** is before the Court on Defendant's *pro se* August 12, 2004 letter requesting

clarification [DE-28 in 02-60100-CR], the Court defers ruling for five (5) days to await a response

from the Government.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

_____ day of August, 2004.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David Morgenstern, *Pro Se*
Reg. No. 10453-074
FCI Petersburg (Low)
P.O. Box 1000
Petersburg, VA 23804-1000

Diana Fernandez, AUSA



David Morgenstern
Reg. No. 10453-074
FCI Petersburg - Low
P.O. Box 1000
Petersburg VA 23804-1000

ᴜ... ᴛ FOR JUUᴏᴀ

Clerk of Courts
United States District Court
Southern District of Florida
Fort Lauderdale Division
299 East Broward Boulevard
Fort Lauderdale FL 33301

RE: Request for clarification
00-6309-CR-WPD
02-60100-CR-WPD

August 12th, 2004

Dear Clerk,

Please consider this a formal request for clarification of this court's April 18, 2003 order, regarding my restitution judgment, in which this court ordered payment under various terms depending upon my institutional employment.

During my April 18th sentencing hearing, this court directed that "if [I] work in a federal prison program, that [I] must pay 50 percent of [my] wages towards [my] financial obligation. If [I do not] work in a program, then [I] ha[ve] to pay $25 per quarter towards [my] financial obligation." (April 18, 2003 sentencing transcript, page 69, lines 21-24) (emphasis added).

Appanently this has caused a great deal of confusion in the Bureau of Prisons. Based on the above order, the Bureau of Prisons forced me to sign a "contract" that I would pay $50.00 per month, otherwise I would be sanctioned for refusal to pay. This $50.00 per month demand is much greater than any possible interpretation of this court's order, therefore I am requesting a clarification.

What I would like to know is whether the "federal prison program" which was referred to would be considered employment in the Federal Prison Industry, otherwise known as FPI or UNICOR, or if the "federal prison program" would include any institutional employment, such as the kitchen. The normal policy for the Inmate Financial Responsibility Program (IFRP) is that UNICOR workers pay 50 percent of their wages and non-UNICOR workers start by paying $25.00 per quarter toward their financial obligations.

I would further request clarification regarding payment of 50 percent of my **wages**. The clear meaning would likely be that I must pay half of what I earn by working at the institution (depending on this court's definition of a "federal prison program"), however the Bureau of Prisons takes it to mean that I should pay 50 percent of any and all money I have in my inmate account, irregardless of whether it comes from institutional wages or from family members so that I may call and write them.

The first question is whether this court considers any employment as a "federal prison program", or if this is limited to employment in UNICOR. The second question is whether this court considers wages as just money earned through institutional employment, or if it would include any other funds in my inmate account.

Your assistance and clarification in this matter is greatly appreciated, as the Bureau of Prisons is placing a heavy financial burden upon me through their confusion.

With warmest regards I remain

Very Truly Yours,

David Morgenstern

PLEASE ALSO NOTE:
I PAID MY $200.00 COURT FEES IN THE ABOVE STYLED MATTERS.
PLEASE INCLUDE IN YOUR RESPONSE CONFIRMATION (RECEIPT) FOR
YOUR CREDITING THESE FEES TO ME.
    THANK YOU, IN ADVANCE.